Tim R. **ROLAND**; Chuck R. Randall; James R. Bewley; and Rev. Ossie Bewley, as Administrator of the Estate of Wilbert Bewley, Deceased, Plaintiffs,

v.

**SALEM CONTRACT CARRIERS, INC.,** a North Carolina corporation; McClean Trucking Company, a North Carolina corporation; and Eddie Clark, Defendants.

Civ. No. H 85–56.

United States District Court, N.D. Indiana, Hammond Division.

March 3, 1986.

---

Robert D. Lee, South Bend, Ind., Steven R. Levin, Anesi, Ozmon, Lewin & Assoc., Ltd., Chicago, Ill., for plaintiffs.

John Roadhouse, Robert K. Scott, Chicago, Ill., Samuel J. Goodman, Highland, Ind., for defendants.

### ORDER

ANDREW P. RODOVICH, United States Magistrate.

This matter is before the Court on the Third Motion to Dismiss Plaintiffs' Complaint filed by the defendants on February 12, 1986. For the reasons set forth below, the motion is GRANTED.

On January 25, 1985, the plaintiffs filed their complaint seeking compensation for the injuries received in a traffic accident which occurred on January 28, 1983. Jurisdiction was based upon diversity of citizenship, 28 U.S.C. § 1332. On September 10, 1985, this case was referred to the United States Magistrate for trial pursuant to 28 U.S.C. § 636(c)(1). The defendants have made their third request for dismissal based upon the plaintiffs' refusal to answer interrogatories filed on February 19, 1985.

A review of the docket reflects the following pertinent entries:

2/19/85—Defendants file a set of interrogatories directed to each plaintiff.

7/23/85—Defendants file Motion to Dismiss Plaintiffs' Complaint based upon the plaintiffs' refusal to answer the interrogatories.

9/6/85 —Order entered by the Honorable Michael S. Kanne, District Judge, requiring the plaintiffs to answer the pending interrogatories within 15 days and to obtain local counsel.

10/4/85 —Defendants file their Second Motion to Dismiss Plaintiffs' Complaint based upon the plaintiffs failure to comply with the September 6, 1985 Order.

11/15/85—All parties appear for a pretrial conference. The plaintiffs file answers to the interrogatories and ordered to obtain local counsel within 21 days.

12/17/85—Defendants file Addendum to Motion to Dismiss alleging that the plaintiffs failed to file appropriate answers to Interrogatories 15, 16, 17, 18, 19, and 20.

1/15/86—Plaintiffs ordered by this Court to answer Interrogatories 15, 16, 17, 18, 19, and 20 "fully and completely on or before February 1, 1986" and defendants ordered to file a verified

statement supporting their request for attorney fees.

2/12/86—Defendants file Third Motion to Dismiss Plaintiffs' Complaint alleging that the plaintiffs failed to comply with the Order of January 15, 1986.

2/24/86—Defendants file Statement of Attorney Fees.

In summary, over one year has passed since the defendants served each plaintiff with a set of interrogatories containing 20 questions. In spite of two court orders, the plaintiffs have failed to answer all of the interrogatories fully and completely.

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides in part:

If a party ... fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

\* \* \* \* \* \*

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

\* \* \* \* \* \*

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Rule 41(b) of the Federal Rules of Civil Procedure provides in part:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

The dismissal of a plaintiff's case is the most drastic remedy available to a court, and a case should not be dismissed unless the court is satisfied that less drastic sanctions will not be effective. See generally: *Zaddack v. AB Dick Company*, 773 F.2d 147, 150 (7th Cir.1985); *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1230 (7th Cir.1983); and *Locascio v. Teletype Corporation*, 694 F.2d 497, 499 (7th Cir.1982). In determining what sanctions are appropriate, the court should consider the length of the delay, any reasons advanced for the refusal to comply with the discovery orders, and the willfulness or bad faith of the recalcitrant party. See generally: *Insurance Corporation of Ireland Ltd. v. Compagnie des Bauxites de Guinea*, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Hindmon v. National-Ben Franklin Life Insurance Corporation*, 677 F.2d 617, 620–21 (7th Cir.1982); and *Margoles v. Johns*, 587 F.2d 885, 888 (7th Cir.1978).

In this case, the length of the delay is inexcusable. The set of interrogatories served upon each plaintiff contained only 20 questions. The questions sought routine information such as medical expenses incurred, lost wages, the nature of the injuries received by the plaintiffs, and the names and addresses of any potential witnesses. None of the questions required any extensive investigation or compilation of documents which would justify a delay of one year.

The only reason advanced by the plaintiffs for their failure to answer the interrogatories was the difficulty in obtaining local counsel. However, the plaintiffs have failed to explain how that difficulty has interfered with providing answers to a brief set of interrogatories. In spite of the fact that the defendants have filed three separate Motions to Dismiss, the plaintiffs advanced the local counsel problem as an explanation only to the first Motion to Dis-

miss. The plaintiffs never filed a response to the second or third Motion to Dismiss.

Finally, the plaintiffs' failure to answer the interrogatories must be considered deliberate, willful, and in bad faith. On two separate occasions, September 6, 1985 and January 15, 1986, the plaintiffs were ordered to answer the interrogatories. Neither order was obeyed. When the answers were filed in an untimely fashion on November 15, 1985, they were incomplete and evasive. Each plaintiff answered Interrogatories 15, 16, 17, 18, 19, and 20 in the following fashion:

15. List the names and addresses of all persons (other than yourself and persons heretofore listed or specifically excluded) who have knowledge of the facts of said occurrence or of the injuries and damages following therefrom.

ANSWER: Plaintiffs' family, friends, agents, attorneys and representatives.

16. With respect to Paragraph 5 of Count I, Paragraph 2 of Count II, Paragraph 2 of Count III, and Paragraph 6 of Count IV, of your Complaint, state each and every fact upon which you base your allegation that "as a direct and proximate result of one or more of the careless and negligent acts and/or omissions of the Defendants, and each of them, said vehicles collided. . . ."

ANSWER: Objection. This question calls for a narrative response more properly the subject of a discovery deposition.

17. State with particularity your activities from 8:00 p.m. on the day and the night of the accident up to the time of the alleged accident.

ANSWER: Objection. This question calls for a narrative response more properly the subject of a discovery deposition.

18. State whether WILBERT BEWLEY consumed any alcoholic beverages while in your presence on the night and day of the accident. If so, state the following: (a) The time and place of consumption of alcholic beverages; (b) The type of alcohol consumed; and (c) The amount consumed by WILBERT BEWLEY.

ANSWER: Objection. This question calls for a narrative response more properly the subject of a discovery deposition.

19. State with particularity how the automobile accident which is the subject of your Complaint occurred.

ANSWER: See Plaintiffs' Complaint at Law.

20. State whether it is your contention that EDDIE CLARK should have avoided the alleged collision with the automobile driven by WILBERT BEWLEY. If so, state with particularity what you contend EDDIE CLARK could have done to avoid the accident.

ANSWER: Objection. This question calls for a narrative response more properly the subject of a discovery deposition.

In spite of the fact that this Court specifically found those responses to be inadequate, ordered the plaintiffs to supplement those responses, and indicated that attorney fees would be awarded, the plaintiffs failed to comply with that order. Additionally, the plaintiffs failed to comply with two specific directives to obtain local counsel in compliance with Local Rule 1(d). Based upon the plaintiffs' unexplained refusal to comply with two specific orders of this court, and based upon the routine nature of the interrogatories at issue, it can only be concluded that the plaintiffs have acted willfully, deliberately, and in bad faith.

Although dismissal of a complaint is a drastic action, each plaintiff has failed to answer fully and completely a brief set of interrogatories filed more than one year ago. Additionally, the plaintiffs have failed to file an answer to two separate Motions to Dismiss. In spite of the indication in the January 15, 1986 Order that attorney fees were being awarded, the plaintiffs failed to comply with that Order. There is absolutely no indication that any order, short of dismissal, will be effective.

For the foregoing reasons, the Third Motion to Dismiss Plaintiffs' Complaint filed February 12, 1986, is GRANTED. The

Clerk is ORDERED to dismiss the plaintiffs' complaint with prejudice.

Consistent with the statement of attorney fees filed February 24, 1986, attorney fees in the amount of $2,118.75 are awarded in favor of the defendants and against the plaintiffs and their attorneys, Anesi, Ozmon, Lewin, & Associates, Ltd.

## ON MOTION TO ALTER JUDGMENT

This matter is before the Court on the Motion to Alter Judgment filed by the plaintiffs on March 13, 1986. For the reasons set forth below, the motion is DENIED.

On March 3, 1986, this Court entered an Order dismissing the plaintiffs' complaint with prejudice because of their failure to answer interrogatories filed February 19, 1985, in spite of two specific court orders. In the Motion to Alter Judgment, the plaintiffs allege that they did not receive a copy of the most recent Order dated January 15, 1986. That Order found that the plaintiffs had filed inadequate responses to 6 of the 20 interrogatories and ordered the plaintiffs to answer those interrogatories "fully and completely on or before February 1, 1986." The plaintiffs further allege that they first received a copy of the January 15 Order when it was attached to the defendants' Third Motion to Dismiss filed February 12, 1986, and that "[u]pon receipt of that motion, Plaintiffs' attorneys prepared draft Answers to Interrogatories." Those answers were attached to the Motion to Alter Judgment.

Rather than setting forth a *bona fide* excuse for their dilatory and contemptuous conduct, the plaintiffs' Motion to Alter Judgment reenforces the correctness of the March 3 Order of dismissal. Even if the plaintiffs did not receive a copy of the January 15 Order immediately after it was entered, when they received a copy of that Order on February 12, it should have been clear to the plaintiffs that they already were in violation of its terms. Therefore, the plaintiffs should have acted with dispatch by filing a response to the Third Motion to Dismiss setting forth their defense and by filing appropriate answers to the interrogatories. However, the plaintiffs again chose not to file timely responses with this Court.

Rule 59(e) of the Federal Rules of Civil Procedure requires a motion to alter or amend a judgment to be filed "not later than ten days after entry of the judgment." The plaintiffs' motion was filed on the tenth or final day. Even though the plaintiffs were aware that they had not complied with the January 15 Order and that their complaint had been dismissed for that and other reasons, the plaintiffs waited until the last possible minute to file the answers to the interrogatories and to inform this Court that they had not received a copy of the January 15 Order. Instead of demonstrating a good faith effort to comply with discovery and court orders, this is a further indication of the plaintiffs' indifference to their obligations under the Federal Rules of Civil Procedure.

The March 3 Order of dismissal was not based entirely upon the plaintiffs' failure to comply with the January 15 Order. It also was based upon the plaintiffs' failure to comply with a September 6, 1985 Order entered by the Honorable Michael S. Kanne, District Judge, the clearly inadequate answers to the interrogatories, the failure to obtain local counsel as required by Local Rule 1(d) and two court orders, and the failure to respond to either the Second Motion to Dismiss or the Third Motion to Dismiss filed by the defendants. The plaintiffs' Motion to Alter Judgment has not attempted to explain the inordinate delay in answering a routine set of interrogatories, the evasive and incomplete manner in which the interrogatories finally were answered, the continued failure to obtain local counsel, and the failure to respond to either the Second Motion to Dismiss or the Third Motion to Dismiss. A timely response to the Third Motion to Dismiss may have prevented the dismissal of the complaint.

Finally, the January 15 Order indicated that sanctions would be imposed due to the untimely and incomplete interrogatory an-

swers. The March 3 Order set the amount of sanctions at $2,118.75. The Motion to Alter Judgment did not challenge the propriety of the sanctions, but it did not include a tender of the amount due. When a party is seeking to set aside a dismissal for failing to comply with court orders, the defaulting party should cure all defects within his power prior to seeking reinstatement of his case. *Tolliver v. Northrop Corporation*, 786 F.2d 316 (7th Cir.1986).

Keeping in mind that the dismissal of a complaint is the most drastic remedy available and that a case should not be dismissed unless it appears that no other sanction will be effective, the entire record in this case justifies a dismissal. Even the plaintiffs' most recent response fails to explain a pattern of misconduct and further demonstrates a desire to proceed at their own pace rather than a pace established by the Federal Rules and this Court.

For the foregoing reasons, the Motion to Alter Judgment filed by the plaintiffs on March 13, 1986 is DENIED.