811 F.2d 1175
 6 Fed.R.Serv.3d 1222
 Tim R. ROLAND; Chuck R. Randall; James R. Bewley; and
Rev. Ossie Bewley, as Administrator of the Estate
of Wilbert Bewley, Deceased, Plaintiffs-Appellants,
v.
SALEM CONTRACT CARRIERS, INC., a North Carolina Corporation;
McLean Trucking Co., a North Carolina
Corporation; and Eddie Clark,
Defendants-Appellees.
 No. 86-1643.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 26, 1986.
Decided Feb. 19, 1987.
Rehearing Denied March 24, 1987.
 
 Steven R. Levin, Anesi, Ozmon, Lewin & Associates, Ltd., Chicago, Ill., for plaintiffs-appellants.
 Robert K. Scott, Conklin & Alder, Ltd., Chicago, Ill., for defendants-appellees.
 Before CUMMINGS and CUDAHY, Circuit Judges, and GORDON, Senior District Judge.*
 CUDAHY, Circuit Judge.
 
 
 1
 The plaintiffs appeal from the district court's refusal to alter a judgment dismissing the plaintiffs' complaint. The district court imposed the sanction of dismissal under Rule 37(b)(2) and Rule 41(b) of the Federal Rules of Civil Procedure for the plaintiffs' refusal to cooperate with discovery and failure to obey three court orders. We find that the district court did not abuse its discretion and, therefore, we affirm.
 
 I.
 
 2
 On January 25, 1985, the plaintiffs filed a complaint against the defendants seeking recovery for wrongful death and personal injuries arising from an automobile accident. The defendants responded on February 19, 1985, by filing an answer and a set of interrogatories and production requests directed at each plaintiff. The plaintiffs did not respond to the interrogatories or the production requests; on July 23, 1985, the defendants filed a motion to dismiss the complaint. The plaintiffs filed a motion opposing the motion to dismiss and requesting a forty-five day stay to permit them to obtain new counsel prior to complying with the discovery requests. A hearing on the motions was held on September 6, 1985 at which the plaintiffs were represented by their attorney, Robert D. Lee. On that date, the district court entered an order denying each party's motion and ordering the plaintiffs to reply to the defendants' discovery requests within fifteen days and to obtain local counsel.
 
 
 3
 The plaintiffs failed to comply with the September 6 order, and the defendants filed a second motion to dismiss. A pretrial conference was held before a magistrate on November 15, 1985. On that date, the plaintiffs filed responses to the defendants' discovery requests. The plaintiffs claimed that their failure to comply with the September 6 order was due to the failure of Mr. Lee, the plaintiffs' attorney of record at the time, to forward the court order to the plaintiffs' new counsel, Steven Levin of the law firm of Anesi, Ozmon, Lewin and Associates. At the conference, the court granted Mr. Lee's motion to withdraw as the plaintiffs' attorney and allowed Mr. Levin to file an appearance as the plaintiffs' attorney. The court also ordered the plaintiffs, both orally at the conference and three days later in writing, to obtain local counsel within twenty-one days.
 
 
 4
 The plaintiffs did not obtain local counsel as ordered. In addition, on December 7, 1985, the defendants filed an addendum to their second motion to dismiss, alleging that the plaintiffs' responses to Interrogatories 15, 16, 17, 18, 19 and 20 were incomplete and improper. The plaintiffs did not respond. The court held a hearing on this matter on January 15, 1986, at which the court agreed with the defendants that the plaintiffs' responses were inadequate. The court issued an order requiring the plaintiffs to answer those interrogatories "fully and completely on or before February 1, 1986" and indicated that it would award the defendants attorney's fees. Roland v. Salem Contract Carriers, Inc., No. H 85-56, at 3 (N.D.Ind. Jan. 15, 1986). The plaintiffs did not provide the defendants with more complete responses as ordered, and the defendants filed a third motion to dismiss on February 12, 1986. The plaintiffs did not respond to this motion. On March 3, 1986, the court granted the defendants' third motion to dismiss and awarded the defendants attorney's fees, specifically finding that "the plaintiffs have acted willfully, deliberately, and in bad faith." Roland v. Salem Contract Carriers, Inc., 109 F.R.D. 424, 427 (N.D.Ind.1986) ("March 3 Order").
 
 
 5
 The plaintiffs filed a motion to alter judgment on March 13, 1986. In that motion, the plaintiffs claimed that their failure to comply with the January 15 order was due to the fact that they did not receive a copy of that order until February 12, when they received the defendants' third motion to dismiss with the order attached to it. The court denied the plaintiffs' motion to alter judgment. Roland v. Salem Contract Carriers, Inc., No. H 85-56 (N.D.Ind. Apr. 4, 1986) ("April 4 Order"). It found that even if the plaintiffs did not receive the January 15 order until February 12, it should have been clear to the plaintiffs at that time that they already were in violation of its terms. The plaintiffs, therefore, should have immediately filed appropriate answers to the interrogatories as well as a response to the defendants' third motion to dismiss. Instead, the plaintiffs did not respond until March 13, after the court had already dismissed the complaint. In denying the plaintiffs' motion to alter judgment, the court also noted that its dismissal of the complaint was not based solely upon the plaintiffs' failure to comply with the January 15 order but "also was based upon the plaintiffs' failure to comply with a September 6, 1985 Order entered by the Honorable Michael S. Kanne, District Judge, the clearly inadequate answers to the interrogatories, the failure to obtain local counsel as required by Local Rule 1(d) and two court orders, and the failure to respond to either the Second Motion to Dismiss or the Third Motion to Dismiss filed by the defendants." Id. at 2-3.
 
 II.
 
 6
 In granting the defendants' third motion to dismiss, the district court cited Rule 37 and Rule 41 of the Federal Rules of Civil Procedure. Our review of the court's decision under both rules is limited to whether the court abused its discretion in dismissing the plaintiffs' suit. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976) (per curiam); Link v. Wabash R.R. Co., 370 U.S. 626, 629-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962).
 
 A.
 
 7
 Under Rule 41(b), a court may dismiss an action with prejudice "[f]or failure of the plaintiff to prosecute or to comply with these rules [i.e., the Federal Rules of Civil Procedure] or any order of court."[1] A court reviewing the dismissal of an action or claim must consider the procedural history of the case as well as the status of the case at the time of the dismissal. Schilling v. Walworth County Park & Planning Comm'n, 805 F.2d 272, 275 (7th Cir.1986); Stevens v. Greyhound Lines, Inc., 710 F.2d 1224, 1228 (7th Cir.1983). We have often noted that the great severity of the sanction of dismissal with prejudice requires that district courts resort to it only infrequently. E.g., Schilling, 805 F.2d at 275; Webber v. Eye Corp., 721 F.2d 1067, 1069 (7th Cir.1983). Specifically, a court should dismiss a case pursuant to Rule 41 only when there exists a clear record of delay or contumacious conduct or when less drastic sanctions have proven ineffective. Schilling, 805 F.2d at 275; Webber, 721 F.2d at 1069; Locascio v. Teletype Corp., 694 F.2d 497, 499 (7th Cir.1982).[2] Absent a clear record of delay, contumacious conduct or prior failed sanctions, "the careful exercise of judicial discretion requires that a district court consider less severe sanctions and explain, where not obvious, their inadequacy for promoting the interests of justice." Schilling, 805 F.2d at 275.[3]
 
 
 8
 Although dismissal is a harsh sanction that should be imposed infrequently, we recognize that the power to sanction through dismissal is essential to the district courts' ability to manage efficiently their heavy caseloads and thus protect the interests of all litigants. See Link, 370 U.S. at 630-31, 82 S.Ct. at 1388-89; Stevens, 710 F.2d at 1230. Thus, we will uphold a dismissal by a district court absent an abuse of discretion by that court. See, e.g., Stevens, 710 F.2d 1224; Locascio, 694 F.2d 497.
 
 
 9
 The plaintiffs in the present case were first ordered by the court to answer the interrogatories on September 6, 1985. The plaintiffs argue that their failure to comply with that order was due to an unintentional mistake by their first attorney. Assuming this is true, the plaintiffs' failure to obey the September 6 court order alone would probably be insufficient to justify dismissal. The district court, however, did not rely solely on this failure in dismissing the action.
 
 
 10
 When the plaintiffs did file their answers on November 15, 1985, each plaintiff responded to Interrogatories 15, 16, 17, 18, 19 and 20 as follows:
 
 
 11
 15. List the names and addresses of all persons (other than yourself and persons heretofore listed or specifically excluded) who have knowledge of the facts of said occurrence or of the injuries and damages following therefrom.
 
 
 12
 ANSWER: Plaintiff's family, friends, agents, attorneys and representatives.
 
 
 13
 16. With respect to Paragraph 5 of Count I, Paragraph 2 of Count II, Paragraph 2 of Count III, and Paragraph 6 of Count IV of your Complaint, state each and every fact upon which you base your allegation that "as a direct and proximate result of one or more of the careless and negligent acts and/or omissions of the Defendants, and each of them, said vehicles collided...."
 
 
 14
 ANSWER: Objection. This question calls for a narrative response more properly the subject of a discovery deposition.
 
 
 15
 17. State with particularity your activities from 8:00 p.m. on the day and night of the accident up to the time of the alleged accident.
 
 
 16
 ANSWER: Objection. This question calls for a narrative response more properly the subject of a discovery deposition.
 
 
 17
 18. State whether WILBERT BEWLEY consumed any alcoholic beverages while in your presence on the night and day of the accident. If so, state the following:
 
 
 18
 (a) The time and place of consumption of alcoholic beverages;
 
 
 19
 (b) The type of alcohol consumed; and
 
 
 20
 (c) The amount consumed by WILBERT BEWLEY.
 
 
 21
 ANSWER: Objection. This question calls for a narrative response more properly the subject of a discovery deposition.
 
 
 22
 19. State with particularity how the automobile accident which is the subject of your Complaint occurred.
 
 
 23
 ANSWER: Refer to Plaintiff's Complaint at Law.
 
 
 24
 20. State whether it is your contention that EDDIE CLARK should have avoided the alleged collision with the automobile driven by WILBERT BEWLEY. If so, state with particularity what you contend EDDIE CLARK could have done to avoid the accident.
 
 
 25
 ANSWER: Objection. This question calls for a narrative response more properly the subject of a discovery deposition.
 
 
 26
 We agree with the district court that these answers are "incomplete and evasive." March 3 Order at 4.
 
 
 27
 When the defendants objected to these answers in an addendum to their second motion to dismiss, the plaintiffs did not respond. The court then, in an order dated January 15, 1986, specifically found the answers to be inadequate, ordered the plaintiffs to submit complete responses and indicated that attorney's fees would be awarded. The plaintiffs did not comply with the January 15 order. The plaintiffs contend that their initial noncompliance was due to the fact that they did not receive the order until February 12. They knew, however, that the second motion to dismiss for their incomplete answers had been pending since December 7, but they did not respond. More important, the plaintiffs offer no explanation for their failure to obey the order promptly after February 12. As the district court noted, when the plaintiffs received the order attached to the defendants' third motion to dismiss, the plaintiffs were clearly in violation of the order. Yet they did not then respond to either the order or the third motion to dismiss. After the court granted the motion, the plaintiffs filed a motion to alter judgment on March 13, 1986. With that motion, the plaintiffs for the first time informed the court of their delayed receipt of the January 15 order and filed new answers to the interrogatories as required by the January 15 order.
 
 
 28
 The court also ordered the plaintiffs, on two separate dates, to obtain local counsel as required by Local Rule 1(d). The plaintiffs disobeyed both court orders. They at no time have offered any explanation for their continued failure to obtain local counsel.
 
 
 29
 In denying the plaintiffs' motion to alter judgment, the court stated:
 
 
 30
 Keeping in mind that the dismissal of a complaint is the most drastic remedy available and that a case should not be dismissed unless it appears that no other sanction will be effective, the entire record in this case justifies a dismissal. Even the plaintiffs' most recent response fails to explain a pattern of misconduct and further demonstrates a desire to proceed at their own pace rather than a pace established by the Federal Rules and this Court.
 
 
 31
 April 4 Order at 3. We agree with the district court and find that the plaintiffs' conduct in this case established a "clear record of delay or contumacious conduct" sufficient to justify dismissal pursuant to Rule 41(b).[4]
 
 B.
 
 32
 Rule 37 authorizes a court to impose sanctions for a litigant's failure to cooperate in the discovery process. Section (b) of that rule provides that a court may dismiss an action if "a party ... fails to obey an order to provide or permit discovery."[5] A Rule 37(b)(2) dismissal requires a showing of willfulness, bad faith or fault on the part of the noncomplying party. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976) (per curiam); Societe Internationale v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958); Hindmon v. National-Ben Franklin Life Ins. Corp., 677 F.2d 617, 620 (7th Cir.1982). Thus, unlike a Rule 41(b) dismissal, a Rule 37(b) dismissal requires both a failure to comply with a discovery order and a showing of willfulness, bad faith or fault. Despite these more demanding requirements, the Supreme Court has recognized the importance to the district court of the power of dismissal under Rule 37:
 
 
 33
 [H]ere [pursuant to Rule 37], as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.
 
 
 34
 National Hockey League, 427 U.S. at 643, 96 S.Ct. at 2781.
 
 
 35
 When the plaintiffs received the district court's January 15 order on February 12, they continued to withhold complete responses to the interrogatories as required by that order. The district court found this conduct to be "deliberate, willful, and in bad faith." March 3 Order at 4. In light of the plaintiffs' pattern of misconduct, we find that the plaintiffs' noncompliance with the January 15 order at the time they became aware of its existence provides an independent ground for imposing the sanction of dismissal under Rule 37(b).
 
 III.
 
 36
 In upholding the district court's dismissal, we recognize that we are in the troubling position of depriving the plaintiffs of what may be a meritorious wrongful death and personal injury suit because of improper conduct that may be solely the fault of the plaintiffs' attorneys. A court's power of dismissal would be almost worthless, however, if a court could not hold a litigant responsible for the acts of his or her attorney where those acts meet the requirements of Rule 37 (willfulness, bad faith or fault) and Rule 41 (clear record of delay, contumacious conduct or prior failed sanctions). See Link, 370 U.S. at 633-34, 82 S.Ct. at 1390. Given that the requirements of these rules were met in this case and that the district court found the plaintiffs' noncompliance to be "deliberate, willful, and in bad faith," the plaintiffs may have legal recourse against their attorneys. We find, however, that the district court did not abuse its discretion, and accordingly, we affirm the district court's refusal to alter its judgment dismissing the plaintiffs' complaint.
 
 
 
 *
 Honorable Myron L. Gordon, Senior District Judge for the Eastern District of Wisconsin, is sitting by designation
 
 
 [1]
 Rule 41(b) provides in relevant part:
 For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.
 Fed.R.Civ.P. 41(b).
 
 
 [2]
 "A dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." Webber, 721 F.2d at 1069
 
 
 [3]
 A consideration of lesser sanctions in such circumstances is particularly important when "the action is relatively young, a litigant is proceeding pro se, or no prior warning has been given that a sanction of dismissal will be imposed." Schilling, 805 F.2d at 278
 
 
 [4]
 The plaintiffs further argue that Rule 41(b) simply does not apply in this case. In support, they cite Societe Internationale v. Rogers, in which the Supreme Court stated, "whether a court has power to dismiss a complaint because of noncompliance with a production order depends exclusively upon Rule 37...." 357 U.S. 197, 207, 78 S.Ct. 1087, 1093, 2 L.Ed.2d 1255 (1958). We agree that Rule 41(b) would be an inappropriate basis for a dismissal solely for the plaintiffs' failure to comply with the January 15 discovery order. The district court here specifically stated, however, that it was not basing its dismissal on that one failure but was dismissing because of a continuing pattern of delay, noncooperation and disobedience on the part of the plaintiffs. Under these circumstances, the district court acted correctly in considering the plaintiffs' noncompliance with the January 15 order as one of a number of relevant factors in its decision to dismiss pursuant to Rule 41(b)
 
 
 [5]
 Rule 37(b)(2) provides in relevant part:
 If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
 * * *
 (c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
 Fed.R.Civ.P. 37(b)(2).