974 F.2d 1340
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Loretta J. RYER, formerly known as Loretta J. Hansen, and
Jarod Hansen, a minor by his next friend, Loretta
J. Ryer, his mother and legal guardian,
Plaintiffs/Appellants,
v.
Bert E. RUSSELL, Josephine E. Hills, Jeff Cerny, Employers
Mutual Casualty Company, All State Insurance
Company, a Wisconsin Corporation,
Defendants/Appellees.
 No. 91-3548.
 United States Court of Appeals, Seventh Circuit.
 Argued July 8, 1992.
Decided Sept. 8, 1992.
 
 Before CUMMINGS, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 On January 5, 1988, Loretta Ryer and Jarod Hansen filed suit against the defendants in the state courts of Wisconsin and Illinois and in the United States District Court for the Northern District of Illinois, seeking recovery for personal injuries arising from a 1986 automobile accident. According to the Ryers, they filed suit in all three jurisdictions because counsel believed that the statute of limitations would expire and he did not know the citizenship of several of the defendants.
 
 
 2
 During 1988, defense counsel wrote the Ryers' attorney five times, each time asking him to voluntarily dismiss two of the three actions and proceed in a single jurisdiction. In return, defense counsel agreed to waive any venue or personal jurisdiction defenses. The plaintiffs did not respond to the defendants' requests. Instead, counsel for the Ryers filed a fourth action in the Wisconsin state court.
 
 
 3
 In March 1989, the Ryers voluntarily dismissed the Illinois state suit. The Wisconsin actions were dismissed with prejudice in August, 1989. This left the federal district court in Illinois as the only forum in which any action was still pending.[1] On September 29, 1989, defendant Russell served discovery requests upon the Ryers pursuant to Federal Rule of Civil Procedure 33. Ryers' counsel failed to answer. So, defendant's counsel contacted Ryers' attorney by letter and requested answers to the discovery. Ryers' counsel did not respond to the letter or ask the district court for additional time to answer discovery. In November 1990, defendant Hill filed a motion to dismiss the Ryers' suit. The district court entered an order setting a briefing schedule on the motion to dismiss. The Ryers, however, never responded to defendant Hill's motion to dismiss.
 
 
 4
 On February 6, 1990, defendant Russell moved for sanctions against the Ryers pursuant to Federal Rule of Civil Procedure 37(d). After a hearing on the motion, the district court dismissed the Ryers' action on February 21, 1990. The Ryers appealed. In an unpublished order, this court questioned whether complete diversity existed between the parties and remanded the case for a determination of that issue. Additionally, we requested that the district court clarify the basis for its dismissal. Ryer v. Russell, No. 90-1627 (Feb. 6, 1991).
 
 
 5
 On remand, the district court cured the jurisdictional defect by granting plaintiffs' motion to dismiss the non-diverse defendant, See Newman v. Alphonso-Larrain, 409 U.S. 826 (1989); Bagdon v. Bridgestone/Firestone, Inc., 916 F.2d 379, 382 (7th Cir.1990), and clarified its reasons for dismissing the suit. The district court explained that it dismissed the Ryers' case under Rule 37(d), as a sanction for the Ryers' refusal to cooperate with discovery requests and under Rule 41(b) for failure to prosecute. Judgment was entered on October 3, 1991. The Ryers appealed.
 
 ANALYSIS
 
 6
 This court has recently reiterated the difficult task that a litigant faces when contesting a district court's choice of sanctions. See Marroco v. General Motors Corporation, No. 91-3045, slip op. at 5-6 (7th Cir.1992). The district court's dismissal of the Ryers' case under Rules 37 and 41 of the Federal Rules of Civil Procedure will be reversed only for an abuse of discretion. Id. See also Roland v. Salem Contract Carriers, Inc., 811 F.2d 1175, 1177 (7th Cir.1987). That is to say, the plaintiffs must prove that no reasonable person could agree with the district court's determination of what sanctions are appropriate. Marroco, No. 91-3045, slip op. at 5.
 
 1. Rule 37 Dismissal
 
 7
 Rule 37 governs abuses of the discovery process. Govas v. Chalmers, 965 F.2d 298, 301 (7th Cir.1992). To that end, Rule 37(d) permits the district court to dismiss a suit when a litigant "fails to serve answers or objections to interrogatories submitted under Rule 33." Id. A Rule 37 dismissal requires a showing that the non-complying party either acted with wilfulness, bad faith, or fault. Marroco, No. 91-3045, slip op. at 8.
 
 
 8
 The Ryers argue that the district court abused its discretion in dismissing its suit under Rule 37 because they did not willfully fail to respond to defendant Russell's discovery requests. Rather, they claim they did not answer the discovery requests because they were uncertain of the correct jurisdiction in which to proceed and because the parties had agreed to stay the federal action until the plaintiffs could decide in which jurisdiction to proceed.[2]
 
 
 9
 Contrary to the Ryers' chronicle of the facts, there is nothing in the record to indicate that the parties agreed to stay the proceedings in federal court or that the Ryers ever presented this claim to the district court as an excuse for their failure to respond to the defendant's discovery requests. Likewise, the Ryers' contention that they did not respond to the discovery requests because they did not know in which jurisdiction to proceed is inadequate and without support in the record. The Ryers neither requested an extension beyond the discovery deadline in order to research the allegedly "complex jurisdictional issue" nor did they ask the district court to stay the federal proceedings. See Patterson, 852 F.2d at 285 ("party's failure to timely make the appropriate motion is one factor for the court to consider" in determining whether there was abuse of discretion in dismissing case). Moreover, by the time defendant Russell filed his discovery requests, only the action in federal court was still pending. The district court found that the Ryers' failure to respond to defendant Russell's discovery requests was unexcused. Rule 37 sanctions may be imposed in situations where the non-complying party acted with fault, "which does not speak to the noncomplying party's disposition at all, but rather only describes the reasonableness of the conduct--or lack thereof." Marroco, No. 91-3045, slip op. at 8-9. The district court's factual findings concerning the Rule 37 dismissal were not clearly erroneous.
 
 
 10
 The Ryers also contend that the dismissal of their case was improper because the district court did not consider a lesser sanction or warn them of the possibility of dismissal. We have repeatedly held that the district court is " 'not required to fire a warning shot' " before granting a dismissal. Patterson v. Coca-Cola Bottling Co. Cairo Sikeston, Inc., 852 F.2d 280, 284 (7th Cir.1988) (quoting Hal Commodity Mgmt. Co. v. Kirsch, 825 F.2d 1136, 1139 (7th Cir.1987)). The decision of whether to impose a lesser sanction than dismissal is left to the discretion of the district court. Marroco, No. 91-3045, slip op. at 5. The district court properly exercised its discretion in dismissing the case because of the Ryers' unexcused failure to comply with defendant Russell's discovery requests.[3] See Govas, 965 F.2d at 301. ("Rule 37(d) authorizes dismissal when a party fails to serve answers or objections to interrogatories submitted under Rule 33); Diehl, 901 F.2d at 75 (plaintiff's failure to answer interrogatories and document requests by agreed upon date would support a dismissal under Rule 37); Roland, 811 F.2d at 1178 (plaintiff's incomplete and evasive responses to discovery requests provided an independent ground for dismissal under Rule 37); Hindmon v. National-Ben Franklin Life Ins. Corp., 677 F.2d 617, 621 (7th Cir.1982) ("submission ... of incomplete and improperly executed Answers to Interrogatories provide[s] independent grounds for the imposition of sanctions under Rule 37(d)"). We find that the district court did not abuse its discretion in dismissing the Ryers' case under Rule 37(d).
 
 2. Rule 41(b) dismissal
 
 11
 Next, the Ryers contend that the district court's dismissal of their case under Rule 41(b) was an abuse of discretion. Rule 41(b) allows the district court to dismiss an action with prejudice if the plaintiff fails to prosecute an action or to comply with court orders. Govas, No. 91-1687, slip op. at 5; Roland, 811 F.2d at 1177. In determining whether the district court abused its discretion, the court looks to the procedural history and the status of the case at the time of dismissal. Lockhart v. Sullivan, 925 F.2d 214, 219 (7th Cir.1991). Dismissal under Rule 41(b) is proper when there is a "clear record of delay or contumacious conduct." 3 Penny Theater Corp. v. Plitt Theaters, Inc., 812 F.2d 337, 338 (7th Cir.1987).
 
 
 12
 The Ryers essentially reassert the same arguments that they made to challenge the dismissal of their case under Rule 37. They contend that the court abused its discretion because it failed to consider lesser sanctions or warn them that their case might be dismissed.[4] As under Rule 37, the district court need not first warn the plaintiff before it dismisses for failure to prosecute. Lockhart, 925 F.2d at 219. Moreover, less drastic sanctions than dismissal need not be imposed where there is a clear record of dilatory conduct. Id.
 
 
 13
 The Ryers contend that this case does not involve a clear record of dilatory conduct. The Ryers claim that their failure to respond to the discovery requests at most caused a four-month delay. Contrary to the Ryers' assertions, the record in this case reveals a pattern of delay and indifference which supports the district court's dismissal. The Ryers' lack of prosecutorial intent is evidenced by the fact that their federal lawsuit lay dormant for 26 months before the district court dismissed it for failure to prosecute. Additionally, the Ryers failed to respond to the defendants' correspondence, discovery requests, and motion to dismiss.[5] The Ryers try to excuse their failure to respond to defendant Hill's motion to dismiss by arguing, for the first time, that they could not "in good faith" oppose Hill's motion to dismiss because of a recent change in Illinois law. The Ryers never apprised the district court of any change in Illinois law and its effect before it dismissed their case. Thus, it does not justify the Ryers' failure to respond to the motion, and the district court was entitled to rely on this failure in dismissing their case. Lockhart 925 F.2d at 219 (in determining whether district court abused its discretion, we look to the status of the case at the time of its dismissal). The Ryers' failure to answer the discovery requests along with their failure to respond to Hill's motion to dismiss supports a dismissal under Rule 41(b). Lockhart, 925 F.2d at 218 ("Plaintiff's non-cooperation with discovery in conjunction with her failure to show up at a mandatory status hearing" supported a Rule 41(b) dismissal); Roland, 811 F.2d at 1179 (plaintiff's evasive answers to discovery requests coupled with his failure to comply with a formal court order justified dismissal under Rule 41(b)).
 
 CONCLUSION
 
 14
 The district court's dismissal of the Ryers' case is AFFIRMED.
 
 
 
 [1]
 Since that time, the Ryers have filed another action in the Circuit Court of Winnebago County, Illinois
 
 
 [2]
 The defendants' brief lists additional excuses offered by the Ryers for their failure to respond to discovery. However, the Ryers do not press these other excuses on appeal
 
 
 [3]
 There is no support in the record for the Ryers' contention that once the jurisdictional issue was resolved they took immediate steps to respond to the defendant's discovery requests. By August, 1989, the federal district court was the only forum in which the Ryers' action was still pending. Defendant Russell did not file his discovery requests until September. Moreover, the Ryers did not provide answers to the interrogatories even after the defendant notified them that the discovery deadline had passed. The Ryers eventually tendered responses to the interrogatories, but this was off the record and after the district court had already dismissed their case
 
 
 [4]
 There is no merit to the Ryers' contention that the district court could not sua sponte dismiss their case for failure to prosecute. See Link v. Washington Railroad Co., 370 U.S. 626, 630 (1962) (the district court may dismiss for failure to prosecute pursuant to Rule 41(b) without motion by the defendant)
 
 
 [5]
 On November 24, 1989, defendant Hills filed a motion to dismiss on the ground that the Ryers' action named a defendant who was deceased. The district ordered that the Ryers respond to the motion to dismiss by December 13, 1989