985 F.2d 563
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joginder S. CHADA, d/b/a Mags Imports, an individual, and
Sun K. Cheung, d/b/a Novelties Distributors, a/k/a
Mike Cheung, an individual, Plaintiffs-Appellants,
v.
OLYMPIA, David Bunker, Larry Pearson, et al., Defendants-Appellees.
 No. 91-3686.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 22, 1992.
Decided Feb. 5, 1993.
Rehearing and Rehearing En Banc
Denied April 7, 1993.
 
 Before MANION and ILANA DIAMOND ROVNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 After jewelry dealers Joginder Singh Chada and Sun Keung Cheung ("plaintiffs") had their property stolen from the Olympia Resort in Oconomowoc, Wisconsin, they sued the Olympia, the Offinger Management Company, the Waukesha County Sheriff's Department, the City of Oconomowoc, Walter Offinger Jr., Larry Pearson, and David Bunker ("defendants") for failing to protect their property.[1] The district court dismissed the case with prejudice, owing to the dilatory conduct of the plaintiffs' counsel. The plaintiffs appealed. We vacated the dismissal and remanded for the district court to clarify the record on whether the delays and other dilatory conduct merited dismissal of the suit. On remand, the district court again dismissed the action with prejudice. The plaintiffs appeal, raising two issues: whether the district court's second dismissal with prejudice constitutes an abuse of discretion, and whether the district court's conduct toward them demonstrates a prejudice or bias warranting a change of venue. We affirm.
 
 I. Background
 
 2
 The plaintiffs are wholesale jewelry salesmen and often conduct their business at trade shows. They entered into a contract with Offinger to rent floor and storage space at the Twenty-Sixth Annual Wisconsin Gift Show held at the Olympia Resort. During the gift show, the plaintiffs' property was stolen from the storage space they had rented.
 
 
 3
 In early 1988, the plaintiffs sued the defendants, based on diversity jurisdiction, for allowing the theft to occur. In response to both a motion to dismiss and a motion for sanctions, one of the plaintiffs' attorneys, Michael Goode, informed the court at a status conference that he had erred in drafting the complaint; he had inadvertently omitted the counts filed on behalf of Chada, and he sought leave to amend. The court granted leave and gave Goode one week to comply. The court also instructed Goode, an out-of-state attorney, to become a member of the local bar. Two weeks after the court-imposed deadline, the plaintiffs filed their amended complaint.
 
 
 4
 Later in the proceedings, Offinger and Offinger Management Company moved the district court to impose sanctions against the plaintiffs. The court ordered plaintiffs' counsel to pay a total of $750.00 in sanctions. In granting the motion, the district court noted that Offinger and Offinger Management Company had highlighted three instances of dilatory conduct by the plaintiffs' counsel: (1) failure to submit to them the amended complaint, which was late, until the start of Chada's scheduled deposition, giving them inadequate time to review the pleading before taking the deposition; (2) failure to timely file their answer to interrogatories; and (3) failure by the plaintiffs' other attorney, Mark Thomas, to appear at Chada's deposition on time, keeping five lawyers and one court reporter waiting for forty-five minutes.
 
 
 5
 The district court also pointed out other examples of negligent conduct by plaintiffs' counsel, including: (1) their untimely compliance with discovery requests; (2) their tardy reply to a motion to compel; (3) their failure to respond to various motions; (4) their untimely response to a motion for summary judgment; and (5) their omission of Chada's claims for relief in the initial complaint. In the same order imposing sanctions, the district court informed the parties that a status conference would be held at 9:00 a.m., March 6, 1989.
 
 
 6
 At the March 6 status conference, the plaintiffs' counsel failed to appear, and the defendants moved to dismiss the case. The court granted the motion with prejudice pursuant to Federal Rule of Civil Procedure 41(b). In the final judgment, which incorporated the entire dismissal order, the court wrote:
 
 
 7
 in light of plaintiff's counsel's continuing failure to comply with Court orders, including gaining admission to practice in this district, paying sanctions previously imposed by this Court, failing to pay agreed expenses and failing to attend Court hearings, and upon motions of all appearing defendants for dismissal with prejudice and costs, it is ordered and adjudged that this action be dismissed with prejudice and with costs.
 
 
 8
 The plaintiffs moved to vacate the final judgment. In his supporting affidavit, the plaintiffs' attorney, Thomas, stated that he had missed the status conference because he had mistakenly recorded the date of the conference as March 16 rather than March 6. The district court denied the motion to vacate. In a three-page order, dated October 6, 1989, the district court explained that it had dismissed the plaintiffs' case because their counsel had been persistently tardy and had acted with disregard for the court's orders and schedule. The court further stated that the plaintiffs' counsel had failed to gain admission to the local bar, had refused to pay court sanctions and agreed expenses on time, and had failed to attend court proceedings. The district court observed that counsels' reply brief to their motion to vacate was an example of their neglectful behavior: It was filed late. The court also ruled that the reasons counsel had given for their conduct did not rise to the level of "excusable neglect" under Federal Rule of Civil Procedure 60(b).
 
 
 9
 The plaintiffs appealed the district court's decision. In an unpublished order, issued in April 1991, we vacated the district court's dismissal and remanded for further proceedings. Chada v. Olympia, 929 F.2d 703 (7th Cir.1991) (Table). With the first appeal, we had a difficult time analyzing the court's decision, because the "record support for the district court's conclusions [was] not unambiguous." Although the district court stated in its March and October 1989 orders that the plaintiffs' counsel had missed "hearings" and "proceedings," we were only able to determine from the record that counsel had missed the March 6 status conference. We also noted that the district court stated that counsel had failed to pay the monetary sanctions on time. Yet, we determined that the sanctions were not due until after March 6 (the dismissal date) and, thus, concluded that the record did not support a finding that the plaintiffs' counsel had refused to pay court sanctions on time, or that such sanctions--sanctions less severe than dismissal--had proven ineffective.
 
 
 10
 In addition, we ruled that the district court had based its dismissal and denial of the motion to vacate on counsels' failure to apply for admission to the local bar. We stated that "[t]his failure by counsel--even when combined with failure to attend a single status conference--may not provide an adequate basis for the judgment of dismissal." Consequently, we instructed the district court on remand to "determine carefully whether the remainder of this case's litigation history demonstrated a sufficiently clear record of delay, contumacious conduct, or failed sanctions to justify the harsh sanction of dismissal." (Emphasis omitted.)
 
 
 11
 As a result of the remand, on October 30, 1991, the district court issued a thirteen-page order. The court viewed its assignment on remand as follows: "Pursuant to the Seventh Circuit's Order, the Court must review the case's litigation history and determine whether the plaintiffs' attorneys' behavior throughout the proceedings is so contumacious as to warrant the dismissal." The district court provided a detailed procedural history of the lawsuit. It noted which motions the plaintiffs' counsel had untimely answered or failed to answer. It noted which court deadlines the plaintiffs' counsel had missed and what discovery violations they had made. The district court also pointed out that the plaintiffs' attorney, Thomas, had arrived forty-five minutes late to Chada's deposition. The court underscored that the plaintiffs' counsel had failed to gain admission to the local bar and had failed to attend the March 6, 1989, status conference. The district court considered the missed status conference "the proverbial straw that broke the camel's back." The court wrote:
 
 
 12
 [Counsels'] absence is especially noteworthy when taking into account the fact that the date was set in the same order that imposed their sanctions. Since sanctions are meant in part to deter attorneys from further negligent conduct, a reasonably diligent attorney would have taken exceptional care not to commit another careless error so soon after the stigma of sanctions had been imposed. In this regard, the sanctions failed to have their intended effect.
 
 
 13
 The district court also stated that "[a]lthough the [plaintiffs'] attorneys have provided an explanation for every one of their mishaps, these excuses begin to ring hollow when the record shows that not a single document in this case was filed or delivered to the defendants on the date it was promised." In sum, the district court found that "[i]n light of the case's history, the plaintiffs' attorneys' pattern of conduct, and the burden on the defendants throughout the case's litigation, the Court believes it was justified in imposing the 'harsh sanction of dismissal.' " This appeal followed.
 
 II. Analysis
 A. Standard of Review
 
 14
 We review a dismissal with prejudice to determine whether the district court abused its discretion in entering the order. Roland v. Salem Contract Carriers, Inc., 811 F.2d 1175, 1177 (7th Cir.1987). In reaching our conclusion, we "consider the procedural history of the case as well as the status of the case at the time of the dismissal." Id. A district court properly exercises its discretion to dismiss a case under Federal Rule of Civil Procedure 41(b) "only when there exists a clear record of delay or contumacious conduct or when less drastic sanctions have proven ineffective." Id.
 
 B. Discussion
 
 15
 1. Abuse of Discretion?
 
 
 16
 In their first point on appeal, the plaintiffs contend that the district court's order of October 30, 1991, dismissing their case with prejudice, constitutes an abuse of discretion, because the district court only considered their counsels' conduct up to and including March 6, 1989. The plaintiffs interpret our April 1991 remand order as requiring the district court to consider only the litigation history occurring after March 6. The sentence they focus on reads: "On remand, the district court must determine carefully whether the remainder of this case's litigation history demonstrated a sufficiently clear record of delay, contumacious conduct, or failed sanctions to justify the harsh sanction of dismissal." (First emphasis added.) The plaintiffs understand the sentence to mean that we instructed the district court to look solely at their counsels' conduct from March 6, 1989 (the first dismissal date) forward, that is, the "remainder" of the case's litigation history. They also construe our April 1991 order as having found their conduct preceding March 6, 1989, as insufficient to support a dismissal with prejudice. The plaintiffs have misinterpreted our April 1991 order in both respects.
 
 
 17
 In its March 6, 1989, order, the district court gave only a brief listing of its reasons for dismissing the case with prejudice. In its October 6, 1989, order denying the plaintiffs' motion to vacate the judgment of dismissal, the district court explained a few of its reasons in slightly more detail. In our April 1991 order, we ruled that the district court's evidence for the dismissal was, for the most part, ambiguous. We highlighted what we found to be the substantial reasons in the March and October 1989 orders for the court's dismissal of the lawsuit: (1) the failure of the plaintiffs' counsel to attend the March 6, 1989, status conference; (2) the failure of the plaintiffs' counsel to seek admission to the local bar; and (3) the failure of the plaintiffs' counsel to pay the court-imposed monetary sanctions. We determined that the monetary sanctions were not due on March 6 and, therefore, counsel did not violate any court order by not making payment by that date. We also ruled that counsels' failure to join the local bar and attend the status conference may have been sufficient to warrant dismissal; but, in light of the uncertain record support for the district court's decision, we remanded for the court to consider the rest of the factors that led it to dismiss the case.
 
 
 18
 Contrary to the plaintiffs' interpretation, when we ordered the district court to determine whether the "remainder" of the litigation history demonstrated a pattern of dilatory or contumacious conduct, we were not instructing the district court to confine its consideration to counsels' conduct from March 6 onward. We used the word "remainder" to advise the district court to examine those problems in the litigation history that the court had mentioned in its March and October 1989 orders, but did not fully explain. In other words, we instructed the district court to flesh out its reasons for dismissal. Moreover, although the plaintiffs interpret our April 1991 order otherwise, we did not determine that the conduct of their counsel up to and including March 6 was insufficient to cause a dismissal. Rather, we determined only that the three main reasons for dismissal that the district court discussed in its March and October 1989 orders were insufficient by themselves to support the court's ruling; we noted, however, that the other reasons, which the court merely listed in its two orders, lacked clear record substantiation. As such, we remanded the matter for the court to reconsider the record and, if it still determined that a dismissal with prejudice was appropriate, to fully detail its reasons.
 
 
 19
 On remand, the district court followed our instructions. After reviewing the litigation history of the case, it drafted a detailed order outlining its reasons for dismissing the action with prejudice. The district court stated in pertinent part:
 
 
 20
 During the course of the proceedings in this case, motions went unanswered, depositions were rescheduled at a moment's notice, deadlines were missed, and a plaintiff temporarily disappeared without notifying his attorney of his whereabouts. Because of this pattern of egregious conduct, the Court sanctioned the plaintiffs' counsel on February 6, 1989 and ordered them to pay fines and costs totalling $750 within 30 days. In its order, the Court set a status conference for March 6. When neither of the plaintiffs' counsel appeared at that conference, and the defendants' counsel informed the Court that one of the fines imposed had not been paid, the action was dismissed.
 
 
 21
 Although there is no evidence of the Court's frustration in the record, the plaintiffs' attorneys' failure to attend the status conference was the proverbial straw that broke the camel's back. Their absence is especially noteworthy when taking into account the fact that the date was set in the same order that imposed their sanctions. Since sanctions are meant in part to deter attorneys from further negligent conduct, a reasonably diligent attorney would have taken exceptional care not to commit another careless error so soon after the stigma of sanctions had been imposed. In this regard, the sanctions failed to have their intended effect.
 
 
 22
 ....
 
 
 23
 This is not to imply that Goode and Thomas deliberately set out to inconvenience the defendants and their attorneys at every opportunity. Nor did the two intentionally miss the March 6 status conference as a strategic ploy. They seem to have been careless rather than manipulative. However, their carelessness and cavalier attitude has hampered the progress of this litigation from nearly the day it commenced, when the plaintiffs' attorneys failed to include the first eleven counts in the complaint.
 
 
 24
 ....
 
 
 25
 As the facts of this case show, the plaintiffs' attorneys had advanced somewhat in prosecuting their clients' claims. Much of this progress, however, has been accomplished at the expense of the defendants' attorneys and the Court. The original complaint was amended only after the defendants filed a motion to dismiss. The plaintiffs did not comply with discovery requests in a timely or organized manner. Their failure to file prompt responses to the defendants' motions put an additional burden on the Court. Neither the Court nor the defendants should be put into a position of helping the plaintiffs monitor and prosecute their case.
 
 
 26
 ....
 
 
 27
 ... When put together, however, the record exhibits a pattern of delay, excuses, broken promises, and unanswered discovery requests. Although the attorneys have provided an explanation for every one of their mishaps, these excuses begin to ring hollow when the record shows that not a single document in this case was filed or delivered to the defendants on the date it was promised.
 
 
 28
 ....
 
 
 29
 ... Although the case was a relatively young one, the plaintiffs' attorneys had established a pattern of conduct that threatened to continue regardless of any sanctions the Court might impose. In light of the case's history, the plaintiffs' attorneys' pattern of conduct, and the burden on the defendants throughout the case's litigation, the Court believes it was justified in imposing the "harsh sanction of dismissal."
 
 
 30
 Based on these statements, we conclude that the district court adequately provided record evidence in its October 30, 1991, order to show a clear pattern of delay or contumacious behavior by the plaintiffs' counsel. The district court also showed that less severe sanctions were ineffective in this case. Thus, we hold that the district court did not abuse its discretion in dismissing the plaintiffs' lawsuit with prejudice. Roland, 811 F.2d at 1177.
 
 
 31
 2. Change of Venue?
 
 
 32
 The plaintiffs also argue that the district court's conduct toward them and the manner in which the district court allegedly treated them throughout their prosecution of this lawsuit indicates a prejudice sufficient to deny them a fair trial, requiring a change of venue. The plaintiffs raise this issue for the first time on appeal. They never moved the district court for a change of venue, 28 U.S.C. § 1404, or for the court to recuse itself because of its alleged prejudice or bias towards them, 28 U.S.C. § 144. Consequently, the plaintiffs have waived this issue for appellate purposes. E.g., Textile Banking Co. v. Rentschler, 657 F.2d 844, 853 (7th Cir.1981) ("It is axiomatic that issues and arguments which were not raised before the district court cannot be raised for the first time on appeal").
 
 III. Conclusion
 
 33
 The district court's findings demonstrate a clear pattern of delay or contumacious conduct on the part of the plaintiffs' counsel. The court further illustrated that less severe sanctions had not been effective in precluding such conduct. Therefore, we hold that the district court did not abuse its discretion in dismissing this lawsuit with prejudice. The district court is
 
 
 34
 AFFIRMED.
 
 
 
 [1]
 The district court, by the parties' stipulation, dismissed the City of Oconomowoc from this lawsuit. The court also granted summary judgment in favor of the Waukesha County Sheriff's Department and dismissed the claims against it without prejudice. Neither the City nor the Sheriff's Department took part in this appeal