925 F.2d 214
 55 Fair Empl.Prac.Cas. 469,
55 Empl. Prac. Dec. P 40,573, 18 Fed.R.Serv.3d 810
 Eloise LOCKHART, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary, Department of Health and Human
Services, Francis J. O'BYRNE, individually and as
A.L.J.I.C.D.H.H.S., OHA and Michael Bernstein, individually
and as Supervisory Attorney-Adviser D.H.H.S., OHA, and other
unknown Agents, D.H.H.S., Defendants-Appellees.
 No. 90-1232.
 United States Court of Appeals,
Seventh Circuit.
 Argued Nov. 14, 1990.
Decided Feb. 19, 1991.
Rehearing Denied April 2, 1991.
 
 J.A. Walker, Chicago, Ill., Eloise Lockhart, Dallas, Tex., for plaintiff-appellant.
 Craig A. Oswald, Office of the United States Attorney, Chicago, Ill., for defendants-appellees.
 Before CUDAHY, RIPPLE, and KANNE, Circuit Judges.
 KANNE, Circuit Judge.
 
 
 1
 Plaintiff-appellant Eloise Lockhart appeals the district court's dismissal for want of prosecution of her cause of action for employment discrimination. Ms. Lockhart also appeals the district court's denial of her timely motion to reinstate under Federal Rule of Civil Procedure 59(e).
 
 I. FACTS
 
 2
 On February 15, 1989, Ms. Lockhart, an attorney, brought a pro se action against her former employer, the Department of Health and Human Services.[1] Ms. Lockhart, a black female, alleged that the Department failed to promote her based on her sex and race. The defendants moved to dismiss Ms. Lockhart's claims. On September 6, 1989, the district court denied defendants' motion to dismiss except with respect to Ms. Lockhart's equal protection claims. 720 F.Supp. 699.
 
 
 3
 A status hearing was held on September 29, 1989. Both parties were present, Ms. Lockhart appeared pro se. On November 1, the district court held another status hearing in this case. Counsel for the defendant was present, however, Ms. Lockhart did not appear either personally or by counsel, her presence having been excused by the district judge.
 
 
 4
 At that November 1 hearing, the judge inquired of defendants' counsel about the status of discovery. The hearing transcript indicates that defendants' counsel informed the court that Ms. Lockhart had not yet responded to written discovery requests, but that she still had a few days for a timely filing. Additionally, Ms. Lockhart had not served any written discovery requests nor had depositions begun in the case because Ms. Lockhart had not disclosed her potential witnesses. Defendants' counsel further informed the court that they planned to arrange a deposition date for Ms. Lockhart. The judge stated that the parties should be well into discovery by the next status hearing, which he set for December 1. Additionally, the judge ordered defendants' counsel to inform Ms. Lockhart that her attendance, either personally or through local counsel, was mandatory at the December 1 status hearing.
 
 
 5
 Ms. Lockhart, in early November, received a letter from defendants' counsel relating the judge's order that either she or local counsel must appear at the next status hearing set for December 1. Ms. Lockhart also received a minute order from the court directing her to appear on December 1 and to obtain local counsel pursuant to the rules.
 
 
 6
 At the December 1 status hearing, the defendants' counsel were present, but neither Ms. Lockhart nor counsel on her behalf appeared in court. The judge noted that Ms. Lockhart previously telephoned the court and told the minute clerk that she had retained local counsel and that local counsel needed more time. Even so, the court noted no appearance by counsel had been filed on behalf of Ms. Lockhart, no formal motion for a continuance was made, and no one came to the hearing to represent her.
 
 
 7
 At the hearing, the defendants' counsel told the court that they had attempted to proceed with discovery as requested. However, Ms. Lockhart did not respond to their written request for a list of potential witnesses on the ground that it constituted work product. The defendants then told the court of their attempt to obtain the names of potential witnesses in a telephone conversation on November 2, explaining to Ms. Lockhart that this was necessary in order to comply with the court's directive to take depositions in the case. Ms. Lockhart told them she intended to call the individuals who testified at the E.E.O.C. hearing and gave them the name of one witness.
 
 
 8
 During this same telephone conversation, the defendants' counsel also informed Ms. Lockhart that in order to accommodate her, because she lived in Texas, they would schedule her deposition for November 30, 1989, the day before the December 1 status hearing. Additionally, in a letter sent to Ms. Lockhart by the defendants on November 8 confirming the telephone conversation, defendants' counsel informed her that they wished to have a discovery conference also on November 30. Defendants' counsel wrote that they were dissatisfied with Ms. Lockhart's response to interrogatories and production requests and that they hoped disputes regarding discovery could be resolved at the conference. Defendants' counsel brought a copy of the confirming letter to court for the December 1 status hearing. Defendants' counsel further informed Judge Duff that they had not heard from Ms. Lockhart since the November 2 telephone conversation. They told the court of their unsuccessful attempts to contact Ms. Lockhart by telephone on November 27, 28, and 29. Ms. Lockhart failed to show up at her own deposition and the discovery conference set for November 30.
 
 
 9
 Relying on the statements of defendants' counsel made in open court, the contents of the defendants' confirming letter, Ms. Lockhart's communication to the court's clerk that she had retained local counsel, and Ms. Lockhart's failure to appear at the status hearing, her own deposition, and the discovery conference, the judge dismissed Ms. Lockhart's case for want of prosecution.
 
 
 10
 Ms. Lockhart then filed a timely motion to reinstate her case pursuant to Federal Rule of Civil Procedure 59(e). In her motion Ms. Lockhart explained that she failed to appear at the December 1 status hearing because she was required to attend a continuing legal education course in Dallas, Texas from November 30 through December 1. She further stated that registration for this course was completed in October, before she learned of the December 1 status hearing and she was unable to give oral notice of her inability to attend the hearing. Ms. Lockhart's motion does not reveal why her attempt to communicate her absence at the hearing was unsuccessful. Ms. Lockhart also stated that she obtained local counsel on November 30 and local counsel needed time to familiarize herself with the case. Ms. Lockhart never made a formal motion for a continuance.
 
 
 11
 At the hearing to reinstate on December 14, Ms. Lockhart was represented by attorney, Jacqueline A. Walker, who filed her appearance on December 13. Ms. Walker stated to the court that she had been retained on December 13 and that Ms. Lockhart did not retain her or request that she appear at the December 1, 1989 status hearing. The court continued the hearing on the motion until December 20 so Ms. Lockhart could obtain verification of her claims regarding the continuing legal education course and registration.
 
 
 12
 The district court denied Ms. Lockhart's Rule 59(e) motion to reinstate on December 20. The district court found the motion to reinstate insufficient, reasoning that the version of events presented in the hearing on the motion differed significantly from the events presented in Ms. Lockhart's motion. On February 1, 1990, Ms. Lockhart timely appealed the district court's dismissal of her complaint and the denial of relief under Rule 59(e).[2]
 
 II. ANALYSIS
 A. Dismissal for Failure to Prosecute
 
 13
 It is axiomatic that we review a dismissal for failure to prosecute only for an abuse of discretion. Anderson v. United Parcel Service, 915 F.2d 313, 315 (7th Cir.1990). While there is no bright line standard for determining whether the court abused its discretion, in failure to prosecute cases "we will not set aside a trial court's discretionary order unless it is clear that no reasonable person could concur in the trial court's assessment of the issue under consideration." Daniels v. Brennan, 887 F.2d 783, 785 (7th Cir.1989) (citations omitted). In making our determination, we consider the procedural history of the case and its status at the time of dismissal. Lowe v. City of East Chicago, 897 F.2d 272, 274 (7th Cir.1990).
 
 
 14
 The district court's specific reasons for dismissal are set forth in the transcript of the December status hearing. The district court found that plaintiff failed to appear at the status hearing and failed to cooperate with discovery, mainly by not attending her own deposition or the discovery conference. The court held that these factors, including what was discussed in open court, evidenced a lack of plaintiff's intent to prosecute her claim.
 
 
 15
 The record in this case reveals a pattern of delay and inattentiveness shown by plaintiff's unexplained failure to attend the status hearing, her own deposition, the scheduled discovery conference and her failure to otherwise cooperate with discovery.
 
 
 16
 For these reasons, the district judge, without prior warning to plaintiff, dismissed the case when it was approximately nine months old.
 
 
 17
 The transcript of the November status hearing indicates that the district court wanted the parties to be well into discovery by the next status hearing. The court directed defendants' counsel to inform plaintiff of its order to begin discovery and the taking of depositions. Plaintiff was made aware of the court's directive by a letter from defendants' counsel.[3]
 
 
 18
 The dilatory conduct of plaintiff regarding discovery hampered the parties ability to comply with the court's directive. Roland v. Salem Contract Carriers, Inc., a similar case, supports the district court's reliance on plaintiff's failure to adequately respond to discovery requests as one of the grounds for dismissal. 811 F.2d 1175 (7th Cir.1987). In Roland, the court found that plaintiff's answers to discovery requests were incomplete and evasive. Id. at 1178. Plaintiff also failed to comply with a formal court order. Although one failure alone would be insufficient to justify dismissal for want of prosecution, this court held that the two grounds together were sufficient to impose the harsh sanction of dismissal. Id. See also Anderson, 915 F.2d at 315 (not error to dismiss case in response to a series of delay tactics, including plaintiff's failure to comply with discovery).
 
 
 19
 Additionally, the defendants scheduled the deposition and discovery conference to accommodate plaintiff. However, without bothering to notify the court or defendants' counsel, plaintiff did not show up for either.
 
 
 20
 The district court did not rely on abuse of discovery grounds in dismissing the case. Even so, this court recently noted in Diehl v. H.J. Heinz Co., that the plaintiff's failure to attend his own deposition, without notifying the other party in advance, could constitute a violation of Federal Rule of Civil Procedure 37(b) (governing discovery abuses) justifying the harsh sanction of dismissal, even though the case was only seven months old. 901 F.2d 73, 74 (7th Cir.1990) (the court found an abuse of discretion on other grounds: the court's order was unreasonable). Plaintiff's non-cooperation with discovery in conjunction with her failure to show up at a mandatory status hearing supports a Rule 41(b) dismissal. See 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 340 (7th Cir.1987) (it was not an abuse of discretion for the court to dismiss cause of action for failure to prosecute when plaintiff failed to attend status hearings and cooperate with discovery).
 
 
 21
 Plaintiff tries to excuse her failure to appear by arguing that deposing opposing counsel disrupts litigation and interferes with the adversarial process. This argument, as the defendants note, is meritless in that defendants were attempting to depose plaintiff not in her capacity as attorney, but as the plaintiff in this case. Thus, the excuse offered does not justify the failure and the district court could reasonably rely on it in dismissing the case.
 
 
 22
 Additionally, plaintiff argues that it was part of her attorney work product to keep her witness list confidential. Plaintiff's brief does not contest the defendants' contention that her responses to defendants' discovery requests were inadequate. Rather, she still maintains that her refusal to respond fully to the defendants' request was justified by the work product doctrine. We have recently held that a litigant is not entitled to make the decision as to whether material is discoverable. Godlove, 903 F.2d at 1148. "It was the district court not the plaintiff, that had the responsibility to make the discovery production determinations on the merits." Id. Plaintiff further argues that the court failed to give warnings of dismissal, consider lesser sanctions, and consider the young age of the case.[4] "There have been cases where we held that dismissal was not an abuse of discretion, notwithstanding the fact that the actions were relatively young." 3 Penny, 812 F.2d at 340 (citation omitted); See Daniels, 887 F.2d at 789 (holding that "it is of little consequence that Daniel's lawsuit was relatively younger than most cases in which we upheld dismissal under Rule 41(b)").
 
 
 23
 While the court could have attempted to obtain plaintiff's cooperation by imposing lesser sanctions before dismissing the case, it is not our job to "... re-exercise the trial court's discretion." Daniels, 887 F.2d at 788. Moreover, district courts are not required to first impose lesser sanctions before dismissal. Id. "A trial court is entitled to say, under proper circumstances, that enough is enough, Tolliver v. Northrop Corporation, 786 F.2d 316, at 319 (7th Cir.1986), and less severe sanctions need not be imposed where the record of dilatory conduct is clear." Pyramid Energy, LTD. v. Heyl & Patterson, Inc., 869 F.2d 1058, 1062 (7th Cir.1989) (district court's order dismissing case was reasonable in light of plaintiff's disregard of pre-trial orders and deadlines).
 
 
 24
 Regarding the court's lack of warning to the plaintiff, we have held that "[a] district court is not required to fire a warning shot." Patterson v. Coca-Cola Bottling Co. Cairo-Sikeston Inc., 852 F.2d 280, 284 (7th Cir.1988) (quoting Hal Commodity Cycle Mgmt. Co. v. Kirsh, 825 F.2d 1136, 1139 (7th Cir.1987)). Whether it is appropriate in a young case to give advanced warning regarding dismissal or to attempt the imposition of lesser sanctions is left to the sound discretion of the district court.
 
 
 25
 Here, given the inconsistencies in plaintiff's explanation, and the record of dilatory conduct in this case, we conclude that the district court did not abuse its discretion in dismissing the complaint for failure to prosecute.
 
 B. Denial Of Relief under Rule 59(e)
 
 26
 Finally, this court also finds no abuse of discretion for the court's refusal to reinstate the case under Rule 59(e). The district court denied plaintiff's motion for relief after a hearing on December 20, 1989.
 
 
 27
 The transcript of the December 20 hearing indicates that the district court denied plaintiff's motion because he found plaintiff's explanation of her failures in the case as expressed in her pro se motion significantly differed from her attorney's explanation at the hearing. Specifically, the district court found that plaintiff's statement that she registered for a continuing legal education course prior to November 1, when the December 1 status hearing was scheduled, contradicted her attorney's statements at the hearing that the initial course was cancelled and she had to take a makeup class which date conflicted with the scheduled hearing. In light of the inconsistencies in the plaintiff's position the district court did not act unreasonably in denying relief.
 
 III. CONCLUSION
 
 28
 For the reasons stated above, we affirm the district court's dismissal of this case under Rule 41(b) and denial of relief under Rule 59(e).
 
 
 29
 AFFIRMED.
 
 
 
 [1]
 Ms. Lockhart implies in her brief that this court should take into consideration her pro se status. While we treat pro se litigants gently, a pro se attorney is not entitled to special treatment. Godlove v. Bamberger, 903 F.2d 1145, 1148 (7th Cir.1990)
 
 
 [2]
 On January 5, 1990, Ms. Lockhart also attempted to file a Rule 59(e) motion for reconsideration of the district court's December 20, 1989 order denying her motion to reinstate. The court dismissed Ms. Lockhart's motion as untimely. Ms. Lockhart did not appeal this denial, therefore we need not address it. We deal only with the dismissal of Ms. Lockhart's cause of action and the court's denial of relief under Rule 59(e)
 
 
 [3]
 As a matter of procedure, it is not a desirable practice for district courts to use counsel as a conduit to pass court directives to opposing counsel. To avoid misunderstandings and any appearance of favoritism, communication by the district court to counsel should be done directly in writing or by oral communication
 
 
 [4]
 Plaintiff also argues that the district court's directive to obtain local counsel stood in the way of her attempt to appear pro se. The plaintiff apparently misunderstood the judge's direction that somebody appear for her at the December 1 status hearing, either herself or local counsel