954 F.2d 726
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Johnny RULE, Plaintiff-Appellant,
v.
Howard PETERS, III, sued as Howard Peters, Dave Gooding,
Andy Martines, et al., Defendants-Appellees.
 No. 90-2720.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 10, 1992.*
Decided Feb. 18, 1992.
 
 Before POSNER, and FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Johnny Rule, an Illinois prisoner, appeals from the district court's sua sponte dismissal of his civil rights action for failing to respond to the defendants' Rule 12(b)(6) motion.** See Chambers v. Nasco, Inc., 111 S.Ct. 2123, 2132 (1991) (a federal court has the inherent power to dismiss an action sua sponte for failure to prosecute) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)). Such a dismissal is proper when there is "a clear record of delay or contumacious conduct," Daniels v. Brennan, 887 F.2d 783, 785 (7th Cir.1989) (quoting 3 Penny Theaters Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 339 (7th Cir.1987)), and is subject to review for an abuse of discretion, id. (citing Link, 370 U.S. at 633). The dismissal is upheld unless it is clear that no reasonable person could agree with the district court's assessment of the issue. Id. (citing 3 Penny Theater Corp., 812 F.2d at 339).
 
 
 2
 The record reveals a pattern of delay by Rule in prosecuting his case. Rule had five months to respond to the defendants' motion. During this period, he twice asked the court for an extension of time to prepare his response. On each occasion, the court granted him more time. First it was 21 days, then 30 more. In its second order granting an extension of time, the court warned Rule that there would be no further extensions without a showing of exceptional circumstances. The court further warned him that his failure to file a responsive brief would result in its allowance of the motion. Despite this warning, Rule failed to file any substantive pleadings within the thirty-day period. So upon the expiration of this period, the court made good on its warning and dismissed Rule's case.
 
 
 3
 On this record we cannot say that the dismissal was an abuse of discretion. Rule's conduct was sufficiently dilatory to warrant it, and he received advance warning as well. Rule argues that his numerous transfers, his confinement in segregation, and his "ongoing problem" of access to law libraries, legal assistance and medical care prevented him from responding to the defendants' motion, but these factors were taken into account by the court when it granted the two extensions of time. Moreover, the court, in granting the second extension, explicitly advised Rule to submit facts, and not a complicated legal brief. For this he did not need a library. The facts were in his head.
 
 
 4
 Rule also argues that the court should have considered less severe sanctions and the recency of his case (two years) prior to dismissal. The district court, however, had no obligation to do so in light of Rule's dilatory conduct. See Lockhart v. Sullivan, 925 F.2d 214, 219 (7th Cir.1991); Daniels, 887 F.2d at 788-89; 3 Penny Theater Corp., 812 F.2d at 340.
 
 
 5
 The district court's order dismissing Rule's case was within the realm of reasonableness, and its judgment is therefore AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 **
 This motion was filed after the defendants filed an answer to Rule's complaint. Thus, technically, Rule 12(b)(6) motion could not lie because Rule 12(b) requires that "[a] motion making any of these defenses shall be made before pleading." Fed.R.Civ.P. 12(b). As a matter of motions practice, however, the defendants' motion may be considered as if it were a Rule 12(c) motion for judgment on the pleadings, and evaluated under the standards for dismissal under Rule 12(b)(6). Republic Steel Corp. v. Pa. Eng'g Corp., 785 F.2d 174, 182 (7th Cir.1986); see Fed.R.Civ.P. 12(h)(2); 5A C. Wright & A. Miller, Federal Practice & Procedure § 1367 (1990)