968 F.2d 1218
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jeffrey HERSH, Plaintiff-Appellant,
v.
CAPITAL CITIES/ABC, INCORPORATED, also known as Capital
Cities Media, Incorporated, Darwin Wile, Greg
Edwards and Roy Wenzl, Defendants-Appellees.
 No. 88-3330.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 4, 1992.
Decided July 6, 1992.
 
 Before COFFEY, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 I.
 
 1
 In July, 1988, plaintiff Jeffrey Hersh filed an amended complaint in the district court against his former employer, Capital Cities/ABC, Inc. and three Capital Cities/ABC, Inc. supervisory employees (defendants collectively referred to as "Capital Cities").[1] In Count I of the complaint, Hersh alleged that Capital Cities made "false and fraudulent representations or omissions" concerning the number of hours plaintiff worked and the compensation he was owed, and threatened the plaintiff with reprisals for protesting the defendants' actions. Hersh alleged that this conduct was in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"). In Count II, Hersh alleged that the defendants failed to pay him for overtime he had performed in violation of a provision of the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA").
 
 
 2
 On August 25, 1988, the district court issued a minute order directing the plaintiff, pursuant to Fed.R.Civ.P. 9(b)[2], to file a statement within 35 days describing with specificity the fraudulent acts he attributed to the defendants and identifying the provisions of RICO he accused the defendants of violating. In this same order, the district court authorized the parties "to proceed with discovery through exchange of interrogatories and requests to produce" and scheduled a status conference for November 9, 1988.
 
 
 3
 At the November 9 status conference, the plaintiff's attorney informed the court that her "client left town and is currently in Boston in law school. We had some difficulty locating and corresponding with him." The district court responded by observing that the plaintiff had failed to "provide information [relating to the RICO Count] necessary to conform with the Court's order of August 25, 1988. The plaintiff apparently has moved to the Boston, Massachusetts, area and is enrolled in law school. The RICO count is dismissed for lack of prosecution and for failure to comply with the Court's discovery order." The court also noted that the plaintiff "failed to answer outstanding interrogatories in connection with the Fair Labor Act issues in this case. No adequate reason is advanced by the plaintiff for failure to comply with the Court's discovery order. Accordingly, that count is also dismissed for failure to comply with the Court's order. The case is dismissed for failure to comply with discovery by the Court." The court then stated to the plaintiff's attorney, "you know the case is old, and there is really no reason for failure to comply except that the plaintiff seems to be very busy somewhere else. Can you tell me a reason? He isn't ill?" The plaintiff's attorney responded, "[n]o, sir, I am not aware of the fact if he is ill or not. I was just--as I said before, he did relocate to Boston, he is in law school, and I am not aware of any other reason why he has not answered the interrogatories." The Court responded that plaintiff "has lost interest in his lawsuit and so has the Court. The case is dismissed for failure to comply with the Court's discovery orders." A November 18, 1988 order confirmed the district court's dismissal with prejudice.
 
 
 4
 Hersh appealed the dismissal of his case to this Court. On April 25, 1989, we issued an order stating that
 
 
 5
 "[b]ecause the district court failed to set forth the reasoning for its dismissal, apparently under Fed.R.Civ.P. 37(b), we are unable to determine from the record whether the court's dismissal of Hersh's cause of action was proper. We therefore remand to the district court with instructions to elaborate its reasoning in accordance with National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)."
 
 
 6
 On March 25, 1991, the district court, in response to our April 25, 1989 order, issued supplemental findings explaining its original dismissal of the plaintiff's case. The district court recounted the procedural history of the case, stressing the plaintiff's failure to respond to the court's order to describe in more detail its RICO allegations and plaintiff's counsel's admission that her client had not answered outstanding interrogatories concerning the FLSA count. The court also noted that the plaintiff had relocated to Boston, Massachusetts and that his attorney was having "difficulty in communicating with him." The district court concluded that "the plaintiff had lost interest in the case and that it rightfully should be dismissed."
 
 II.
 
 7
 Although the reasoning supporting the district court's dismissal of the plaintiff's two claims is similar, the court dismissed the RICO claim pursuant to Fed.R.Evid. 41(b) and dismissed the FLSA claim pursuant to Fed.R.Evid. 37(b)(2)(C). Therefore, we will address the dismissal of the RICO claim and the FLSA claim separately.
 
 A.
 
 8
 The district court dismissed the plaintiff's RICO claim pursuant to Fed.R.Evid. 41(b) which empowers the court to dismiss an action with prejudice "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court."[3] "It is axiomatic that we review a dismissal for failure to prosecute only for an abuse of discretion." Lockhart v. Sullivan, 925 F.2d 214, 217 (7th Cir.1991). We will not set aside a district court's discretionary order unless it is clear that no reasonable person could agree with the court's determination. Id. "The district court's decision must strike us as fundamentally wrong for an abuse of discretion to occur." Anderson v. United Parcel Service, 915 F.2d 313, 315 (7th Cir.1990).
 
 
 9
 We find no such abuse of discretion in the district court's dismissal of the RICO claim. Plaintiff failed to comply with the court's August 25, 1988 order directing him to describe with particularity within 35 days the fraudulent acts he attributed to the defendants and to specify the provisions of RICO he alleged the defendants had violated. Plaintiff's counsel's only excuse for this failure to comply with the court's order was that her client had "left town" to attend law school in Boston and that she had difficulty in "locating and corresponding with him." This is not a legitimate excuse for failure to adhere to a court order. In Lockhart, we affirmed a dismissal of an action brought by an attorney pro se when the attorney failed to appear at a status hearing and failed to attend her own deposition. 925 F.2d at 218. Similarly, in the instant case, in upholding the district court's dismissal, we are not depriving the plaintiff of what may be a meritorious lawsuit because of any improper conduct on the part of his attorney. See Anderson, 915 F.2d at 315 ("We have in the past expressed reluctance to affirm dismissal where there is no sign of client neglect or awareness of the attorney's neglect"). Here, the plaintiff is at fault for leaving town without providing his attorney with a forwarding address or communicating with his attorney to ensure that his lawsuit could proceed in a timely manner. As the district court concluded, the plaintiff's behavior evidenced that he had "lost interest" in the litigation. It was not an abuse of discretion for the district court to dismiss the RICO count under Rule 41(b).
 
 B.
 
 10
 The district court dismissed the plaintiff's FLSA count pursuant to Fed.R.Evid. 37(b)(2)(C) which provides that if a party "fails to obey an order to provide or permit discovery" the district court may dismiss "the action or proceeding or any part thereof." A district court's dismissal with prejudice of an action for discovery violations is reviewable only for abuse of discretion. National Hockey League v. Metro Hockey Club, Inc., 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976). "the choice of an appropriate discovery sanction is primarily the responsibility of the district court and its decision will not be reversed absent a clear abuse of discretion." Patterson v. Coca-Cola Bottling Co., 852 F.2d 280, 283 (7th Cir.1988). A district court need not impose "any lesser sanctions prior to entering the sanction of a default judgment." Profile Gear Corporation v. Foundry Allied Industries, Inc., 937 F.2d 351, 354 (7th Cir.1991).
 
 
 11
 A Rule 37(b) dismissal requires "both a failure to comply with a discovery order and a showing of willfulness, bad faith, or fault." Patterson, 852 F.2d at 283. In the instant case, both are present: the plaintiff failed to respond to the defendants' interrogatories because (just as with the flouting of the district court's RICO order) the plaintiff left town and did not provide his attorney with the information required to continue the prosecution of his lawsuit. "Despite the harshness of the sanctions of dismissal or default, federal courts have consistently affirmed in the absence of a good excuse for the dilatory conduct." Patterson, 852 F.2d at 284. Plaintiff has offered no good excuse for his failure to comply with the discovery deadline. As the Supreme Court has made clear, in the Rule 37 context
 
 
 12
 "as in other areas of law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."
 
 
 13
 National Hockey League, 427 U.S. at 643, 96 S.Ct. at 2781. Resort to the sanction of dismissal as to the FLSA count was not an abuse of discretion.
 
 III.
 
 14
 We hold that the district court did not commit a clear abuse of discretion when it dismissed the plaintiff's action with prejudice; its judgment is
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Hersh filed his first complaint in this case in an Illinois state court on January 14, 1987. The defendants removed the action to the United States District Court for the Southern District of Illinois on February 2, 1987. After three judges in the Southern District recused themselves, the case was assigned to Judge Baker of the Central District of Illinois
 
 
 [2]
 Fed.R.Civ.P. 9(b) provides, in part, that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."
 
 
 [3]
 Rule 41(b) provides in pertinent part:
 "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits."