983 F.2d 1074
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Frank L. WHITMER and Joan P. Whitmer, Plaintiffs-Appellants,
v.
JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Skidmore, Owings
& Merrill, Sudler & Company, et al., Defendants-Appellees.
 No. 91-2805.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1992.*
Decided Dec. 16, 1992.
Rehearing and Rehearing In Banc
Denied Feb. 9, 1993.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Frank and Joan Whitmer believe that conditions in the John Hancock Center, where they formerly lived in a condominium, made them seriously ill. Seeking to recover from a number of defendants under federal and state law, they filed suit in the district court. After much procedural wrangling the case came up for a status hearing on June 26, 1990. Neither of the pro se plaintiffs appeared at this hearing, and the judge dismissed their case for lack of prosecution. The plaintiffs' motion for relief from this order under Fed.R.Civ.P. 60(b) was denied. They appeal that decision, and we affirm.[1]
 
 
 2
 We review the denial of a Rule 60(b) motion for an abuse of discretion. Del Carmen v. Emerson Elec. Co., 908 F.2d 158, 161 (7th Cir.1990). The plaintiffs claim that the district court abused its discretion because their failure to appear at the status hearing arose from mistake or excusable neglect. Fed.R.Civ.P. 60(b)(1).[2] Their excuse is that they had participated in a status hearing with a magistrate judge just two weeks earlier, and believed that since matters were before the magistrate all hearings before Judge Bua had been suspended. The defendants, in turn, argue in favor of the decision by noting that Joan Whitmer was in the courthouse on the day of the hearing but nevertheless neglected to attend. They also point out that the scheduled hearing before Judge Bua had never been officially cancelled, so the plaintiffs had no good reason to skip it. Finally, they refer to the procedural history of the case, which is filled with plaintiffs' motions for extensions of time, failure to respond to defendants' motions, and failure to comply with discovery orders.
 
 
 3
 "[A]buse of discretion in denying a Rule 60(b) motion is established only when no reasonable person could agree with the district court." Lech v. St. Luke's Samaritan Hospital, 921 F.2d 714 (7th Cir.1991). A reasonable person could certainly agree with the court here. From one point of view, of course, it might seem that the plaintiffs' neglect was excusable; this was the first time they had missed a conference, yet the court dismissed their case without finding out where they were or imposing a warning or some lesser sanction. If that were the whole story, then the court might have abused its discretion in dismissing this pro se case and denying the Rule 60(b) motion. See Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir.1988) ("[I]n the absence of notice that dismissal is contemplated a district court should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.' "); Schilling v. Walworth County Park & Planning Comm'n, 805 F.2d 272 (7th Cir.1986) (error to dismiss pro se case for failure to appear at conference where no warning had been given, case was young, and there was no record of delay or contumacious conduct); Camps v. C & P Telephone Co., 692 F.2d 120 (D.C.Cir.1981) (error to dismiss pro se case for litigant's appearing late at hearing where no warnings given and this was plaintiff's first act of misconduct); Holt v. Pitts, 619 F.2d 558, 560-63 (6th Cir.1980) (error to dismiss where incarceration prevented pro se plaintiff from attending hearing); Navarro v. Chief of Police, Des Moines, Iowa, 523 F.2d 214, 218 (8th Cir.1975) (error to dismiss pro se case without some record of delay or contumacious conduct); Meeker v. Rizley, 324 F.2d 269, 271 (10th Cir.1963) (error to dismiss pro se case for innocent failure to appear at initial pre-trial conference).
 
 
 4
 But district courts are not required to fire warning shots before dismissing. Lockhart v. Sullivan, 925 F.2d 214, 219 (7th Cir.1991). And more important, the plaintiffs' failure to appear was not their first misconduct, making their neglect less excusable. When reviewing a district court's exercise of discretion, we examine both "the procedural history of the case and the situation at the time of dismissal." Daniels v. Brennan, 887 F.2d 783, 786 (7th Cir.1989). Throughout this litigation the Whitmers have asked for some thirty extensions of time or stays, neglected to respond to the defendants' motion to dismiss despite the court's setting several briefing schedules, and belligerently refused to comply with discovery orders. We are aware that Mr. Whitmer has been ill during this litigation and required a good deal of treatment, which explains some of the extension motions, as does the fact that the plaintiffs have been simultaneously litigating other claims in state court. Nevertheless, we cannot say that the district court abused its discretion in denying their Rule 60(b) motion. In well over two years this litigation has moved like a glacier, thanks to the Whitmers' constant requests for more time and refusal to cooperate with either the defendants or the court. This occurred despite numerous attempts to accommodate the plaintiffs' situation by giving them second and third chances to comply with court directives. They have not been inattentive, but they have stonewalled to such an extent that after thirty months it is still hard to judge the merits of their claims, because the facts have not been fleshed out and they have yet to respond to the aging motion to dismiss. Thus, even if missing the status hearing was the result of excusable neglect, there is no justification for all of the other acts leading up to the dismissal. Cf. Lockhart, 925 F.2d at 218-19 (dismissal proper where plaintiff missed status hearing and failed to cooperate in discovery); Anderson v. United Parcel Service, 915 F.2d 313, 315 (7th Cir.1990) (series of dilatory tactics, including failure to cooperate in discovery); Daniels, 887 F.2d at 786 (plaintiff missed status conferences and failed submit a pretrial order despite court's warnings); Roland v. Salem Contract Carriers, Inc., 811 F.2d 1175, 1178 (7th Cir.1987) (plaintiff produced inadequate discovery responses and failed to comply with formal court order); 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 340 (7th Cir.1987) (failure to attend status hearings or cooperate in discovery).
 
 
 5
 Perhaps the better course would have been to impose a minor sanction or somehow warn the Whitmers that they were on thin ice, but our job is not to second-guess the district court. Its decision fell within the bounds of sound discretion, and is therefore
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Plaintiffs-Appellants have filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 An earlier appeal from the dismissal order itself was dismissed by this court for lack of prosecution when, instead of filing a brief, the plaintiffs filed a series of motions for extensions of time and to abate briefing. Plaintiff's App., ex. T
 
 
 [2]
 The motion raised all of the grounds listed in Rule 60(b), but mistake and excusable neglect are the only ones pursued on appeal