985 F.2d 563
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Paris KOTSILIERIS, Plaintiff-Appellant,
v.
Shirley CHALMERS, Executor of the Estate of Hyman P.
Chalmers, Andy Nanos and Electronics, Missiles &
Communications, Incorporated,
Defendants-Appellees.
 No. 91-3919.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 2, 1993.
Decided Feb. 10, 1993.
 
 Before CUMMINGS and FLAUM, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Paris Kotsilieris sued Andy Nanos, Hyman Chalmers, and EMC (Electronics, Missiles & Communications, Incorporated) in May 1986 claiming that they had harmed him in violation of the federal securities laws, RICO, and Illinois common law. The court dismissed the case under Federal Rule of Civil Procedure 41(b) as a sanction against Kotsilieris for repeatedly violating orders of the court. Kotsilieris now appeals that dismissal. We affirm.
 
 
 2
 In late 1985 Joseph DiNatale represented Andy Nanos in Nanos's efforts to ward off an SEC investigation concerning his dealings in the stock of EMC. DiNatale also represented Nanos in the present action. Among the information that DiNatale collected while researching Nanos's involvement in and knowledge of trading in EMC stock was a twenty-one page handwritten document that Nanos wrote detailing his understanding of the trading of EMC stock. In August 1986, Nanos dropped DiNatale and began to represent himself.
 
 
 3
 In April 1987, Kotsilieris hired the law firm of Fitzsimmons & Bowen to replace his original lawyers. DiNatale, who had left the employ of Nanos only seven months earlier, assisted Fitzsimmons & Bowen in its representation of Kotsilieris. On June 4, 1989, defendants moved to disqualify DiNatale from acting as Kotsilieris's counsel because of his obvious conflict. The court disqualified DiNatale and Fitzsimmons & Bowen after finding that they had used documents acquired during DiNatale's representation of Nanos to help prepare Kotsilieris's case. The court specifically frowned on their use of Nanos's twenty-one page handwritten statement. The court issued an order which read: "no work product or any other materials may be disclosed [to the next counsel]." After issuing its order the court held hearings in an effort to supervise Kotsilieris's hiring of a new lawyer, and to drive home to this new lawyer that he was not to have access to any information barred by the court's order. The new lawyer, Ronald Kane, agreed to abide by the court's ruling. The court, however, did allow him to have some documents from the file as long as defendants' counsel approved the documents before Kane received them. Fitzsimmons & Bowen told defendants' counsel that all work product had been removed from the files that it was sending to Kane.
 
 
 4
 In January 1991 Kane sent to defendants' counsel a set of proposed trial exhibits, which included Nanos's handwritten statement. This was the first time that defendants' counsel realized that Kane had proscribed documents. The defendants, accordingly, moved to disqualify Kane from representing Kotsilieris and to dismiss Kotsilieris's case altogether. The court dismissed the case with prejudice pursuant to Federal Rule of Civil Procedure 41(b). The court gave three reasons for imposing this sanction. First, the court noted how Kotsilieris violated the court's order despite the court's attempt to impose lesser sanctions by disqualifying Fitzsimmons & Bowen and allowing Kane to make a case without using the documents that the court had barred. Second, the court held that Kotsilieris deserved severe sanctions because his violation of its order was the latest of a series of delays and obstructions to the trial of the case. Third, the court held that the defendants had been prejudiced by dragging the case on to unreasonable lengths.
 
 
 5
 Under Rule 41(b) a district court may dismiss a case with prejudice when an offending party has refused to respect an order of the court. Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). Incessant delay, contumacy to orders of the court, or the failure of lesser sanctions to bring the party into line all will support dismissal under Rule 41(b). 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 340 (7th Cir.1987). We review dismissal under Rule 41(b) for an abuse of discretion, Lockhart v. Sullivan, 925 F.2d 214, 217 (7th Cir.1992), and we consider the procedural history of the case as well as its status at the time it was dismissed. English v. Cowell, 969 F.2d 465, 473 (7th Cir.1992).
 
 
 6
 Kotsilieris first argues that the defendants were not prejudiced by any delay in this case because they had ample time to notify the court of the offending document but waited until the last minute to do so. But nothing in the record indicates that the defendants procrastinated. To begin with, the defendants had nothing to gain by delaying. The best tactical reason to delay a motion for disqualification would be to stall the case--a fruitless tactic these days because plaintiffs may not appeal such motions immediately and thus they do not buy much time. Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 424, 426 (1984). The defendants relied on the word of Fitzsimmons & Bowen that they would not give offending documents to Kane, and they relied on Kane's word to the judge that he would not seek any offending documents from prior counsel. Given the large number of documents in this case (over 8,000) and the clear order of the court that "no work product or any other materials may be disclosed," it is understandable that defendants' counsel expected Kane to heed the order of the court. The court did not abuse its discretion by finding that the defendants were prejudiced and granting the motion to dismiss.
 
 
 7
 Kotsilieris's second argument is that the court improperly dismissed the case because Nanos's handwritten document was not "work product". This argument, however, misses the point on which the court dismissed the case. Rule 41(b) does not empower a court to dismiss a case for a party's improper use of work product; it empowers the court to dismiss an action "[f]or failure of the plaintiff to ... comply with ... any order of court." By using Nanos's statement, Kotsilieris violated the court's order that "no work product or any other materials may be disclosed." This is true whether the statement was "work product" or not because it clearly falls into the category of documents covered by the court's order. The fact that Nanos's statement found its way into hands other than those of Nanos and DiNatale does not change that fact that it was a document that was born of the attorney-client relationship between Nanos and DiNatale and obviously fell into the category of "other materials". See In re American Airlines, 972 F.2d 605, 620 (5th Cir.1992) ("[i]nformation [provided by a client] is sheltered from use by the attorney against his client by virtue of the existence of the attorney-client relationship ... without regard to whether someone else may be privy to it"). Judge Williams properly exercised her discretion by keeping DiNatale's documents off-limits to subsequent counsel and by punishing Kotsilieris for refusing to play in accordance with her rulings.
 
 
 8
 AFFIRMED.