Rhonda POPE, Plaintiff,

Jeffrey Wiseman, Third–Party Plaintiff,

v.

LEXINGTON INSURANCE COMPANY, Federal Home Loan Mortgage Corporation, Bieck Management Company, Jeffrey Wiseman, and Milwaukee County Department of Social Services, Defendants,

Milwaukee County District Attorney's Office, Third–Party Defendant.

No. 91–C–1278.

United States District Court, E.D. Wisconsin.

June 24, 1993.

Third party plaintiff pro se.

James E. Doyle, Atty. Gen., by Richard A. Victor, Asst. Atty. Gen., Milwaukee, WI, for third party defendant.

DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

Presently before the court is a motion for sanctions against defendant, and third-party plaintiff, Jeffrey Wiseman. The motion is brought by third-party defendant, Milwaukee County District Attorney's Office [Milwaukee County]. In its motion, brought pursuant to Rule 37(d), Federal Rules of Civil Procedure, Milwaukee County requests, among other things, that Mr. Wiseman's third-party claim against it be dismissed because of Mr. Wiseman's repeated failure to respond to discovery as required by the Federal Rules of Civil Procedure. Mr. Wiseman has not filed a response to this motion. Milwaukee County's motion will be granted, and Mr. Wiseman's action against Milwaukee County will be dismissed with prejudice.

I. BACKGROUND

This action was commenced by Rhonda Pope to recover damages from the above-named defendants to compensate her for the injuries she suffered as a result of a sexual assault allegedly perpetrated against her by Mr. Wiseman on or about June 20, 1990. Mr. Wiseman responded to the plaintiff's complaint by filing a document entitled "Defendant–Petitioner Answer and Counterclaim to Complaint." Included in this document is the following enigmatic third-party claim against Milwaukee County:

PLEASE BE ADVISED that the defendant *JEFFREY WISEMAN,* in pro se, and pursuant to § 802.07, Wis.Stata [sic] and Rule 13 FED.R.CIV.P. supplemant [sic] to the pleadings the following claim.

. . . .

5. The *MILWAUKEE COUNTY DISTRICT ATTORNEY'S OFFICE,* with their policy of dealing with the gangs, dropped all charges against the gang members, and allowed them to go free.

6. The police and the *MILWAUKEE DISTRICT ATTORNAY'S [sic] OFFICE* knew that these individuals was gang members and *DRUG* dealers, and that they have *Criminal Records,* and still let them go. The reason is shown daily on the

news. They allow them to get away with wrong and the gang members can sell drugs as long as they keep it in the *AFRICAN AMERICAN COMMUNITY*.

7. The police and the District Attorney's office *DROPPED ATTEMPTED MURDER CHARGES AGAINST THE GANG MEMBERS AND FILED CHARGES AGAINST TH [sic] DEFENDANT–PETITIONER.*

8. This Court has *JURISDICTION* to hear this case pursuant to *28 U.S.C. 1343*, and this is a *CIVIL RIGHTS CLAIM PURSUANT TO 42 U.S.C. § 1983* that the police District Attorney's office, deprived the defendant-petitioner of his rights to *DUE PROCESS* by denying him his liberty and the full protection of the *BILL OF RIGHTS* and give them the liability because of their action that comes under the *COLOR OF STATE AND FEDERAL LAW,* and made the other captioned respondents in this action the same.

As relief, Mr. Wiseman requests damages.

Accompanying Milwaukee County's motion for sanctions is the affidavit of Richard A. Victor, the attorney representing Milwaukee County in this litigation. In his affidavit he states that on August 7, 1992, he appeared with other counsel at the Columbia Correctional Institution for the purpose of taking the deposition of Mr. Wiseman. He further deposes that Mr. Wiseman "refused to answer any of the questions propounded to him except to state his name and to acknowledge that he resided at the Columbia Correctional Institution." Mr. Victor's affidavit asserts that Mr. Wiseman left the deposition before Mr. Victor could ask him any questions.

Mr. Victor's affidavit also reveals that interrogatories were sent to Mr. Wiseman on February 15, 1993, but that Mr. Wiseman did not respond to them. Mr. Victor further states that on April 5, 1993, he made a second request for responses to his February 15, 1993, interrogatories sent to Mr. Wiseman but that Mr. Wiseman once again failed to comply with his discovery request.

In addition to Mr. Wiseman's complete noncompliance with discovery requests made to him by Mr. Victor, Mr. Wiseman has also repeatedly disregarded orders of this court.

On October 8, 1992, this court set a witness list deadline of February 1, 1993. To date, Mr. Wiseman has not yet filed a witness list, although he has been directed to do so *four* times. First, in my original October 8, 1992, scheduling order; second, in a letter dated April 12, 1993, in which I directed him to serve and file his witness list no later than May 1, 1993; third, in a letter dated May 17, 1993, in which I directed him to serve and file his witness list and a response to Milwaukee County's motion for sanctions no later than June 8, 1993; and finally, in a letter dated June 7, 1993 (in response to his June 3, 1993, letter asking for an extension to file his witness list and motion response), in which I directed him to serve and file his witness list and motion response no later than June 21, 1993.

## II. ANALYSIS

Rule 37(d), Federal Rules of Civil Procedure, provides, in part, that:

> If a party ... fails (1) to appear before the officer who is to take the deposition, after being served with proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any . action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Rule 37(b)(2)(C), Federal Rules of Civil Procedure, authorizes the court to dismiss a party's action for failing to comply with discovery requests. In addition, Local Rule 10, § 10.03 provides that "Whenever it appears to the court that the plaintiff [here third-party claimant] is not diligently prosecuting the action, the court may enter an order of dismissal with or without prejudice."

In my opinion, Mr. Wiseman has patently disregarded the discovery provisions of the Federal Rules of Civil Procedure and the orders and directives of this court. Accordingly, I find that Mr. Wiseman has not prosecuted his third-party claim with the diligence required by Local Rule 10, § 10.03. Fur-

thermore, because of his total failure even to attempt to respond to the discovery requests made of him, I find that the sanction of dismissal is warranted. Therefore, Milwaukee County's motion for sanctions will be granted, and I will dismiss Mr. Wiseman's third-party claim and action against Milwaukee County with prejudice, but without costs. *See Lockhart v. Sullivan,* 925 F.2d 214, 218 (7th Cir.1991) (affirming district court's dismissal of action for failure to prosecute where "plaintiff failed to appear at ... [a] ... status hearing and failed to cooperate with discovery"). However, I will not direct the clerk of court to enter a judgment dismissing Mr. Wiseman's action against Milwaukee County until the final disposition of this action.

## ORDER

Therefore, IT IS ORDERED that Milwaukee County's motion for sanctions be and hereby is granted.

IT IS ALSO ORDERED that the Mr. Wiseman's third-party claim and action against Milwaukee County be and hereby are dismissed with prejudice, but without costs.