4 F.3d 996
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Milos J. JIRICKO, Plaintiff-Appellant/Cross-Appellee,
v.
ILLINOIS ANESTHESIA, LIMITED, National Anesthesia Service
Associates, Group Anesthesia Service Associates,
et al., Defendants-Appellees/Cross-Appellants.
 Nos. 92-2613, 92-2682.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 17, 1993.*
Decided Aug. 27, 1993.
Rehearing and Suggestion for Rehearing En Banc
Denied Oct. 5, 1993.
 
 Before MANION and ROVNER, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 In this diversity case, Milos J. Jiricko appeals pro se from the district court's dismissal of his suit for failure to prosecute. He also challenges the court's earlier dismissal of one count of his complaint for failure to state a claim and the court's granting leave to his attorneys to withdraw as counsel. The defendants cross appeal the court's denial of their motion for sanctions, which they based on Jiricko's failure to comply with an order compelling discovery.
 
 I.
 
 2
 On February 1, 1991, Jiricko, through his attorneys, Lakin & Herndon, P.C. ("Lakin"), filed a complaint against the defendants,[1] claiming that the defendants committed fraud, breach of contract, and conversion in connection with his employment as an anesthesiologist. R. 1. On April 30, 1991, the defendants moved to dismiss Count V of the complaint (the ostensible conversion count) for failure to state a claim. R. 8. Lakin filed no response on behalf of Jiricko. On July 2, the district court granted the motion. R. 15
 
 
 3
 On October 22, 1991,[2] Lakin filed a motion to withdraw as counsel, R. 23, believing that it could not successfully pursue the lawsuit. Tr. 11. Jiricko filed a response. R. 21. On January 2, 1992, the court granted Lakin's motion to withdraw and gave Jiricko 30 days in which to obtain new counsel or to enter an appearance pro se. The court also warned Jiricko that failure to take either of these steps might result in the issuance of a notice "that case will be dismissed for want of prosecution if same is not accomplished." R. 34. After denying a motion for reconsideration on January 21, 1992, the court granted Jiricko an additional 30 days in which to obtain new counsel or enter an appearance pro se. The court again warned him that failure to do so could result in the dismissal of his lawsuit. R. 37. On April 29, 1992, the court ordered Jiricko to show cause within 14 days why he had failed to comply with the court's order of January 2. R. 43. On May 19, 1992, after considering Jiricko's response, the court gave him an additional 30 days in which to obtain new counsel or to enter an appearance pro se. "Failure to do so," the court warned, "will result in the dismissal of this action. No further extensions will be allowed by the Court." R. 45. Finally, on June 24, 1992, with Jiricko still having failed to secure counsel or to enter his appearance pro se, the court dismissed Jiricko's case for failure to prosecute. R. 46.
 
 
 4
 On June 6, 1991, before Lakin moved to withdraw as counsel, the defendants had served upon Jiricko a set of interrogatories and a request for production of documents. Having received no response by August 29, they moved under Civil Rule 37 to compel compliance with their discovery requests. The defendants also sought reimbursement from Jiricko for their fees and expenses incurred in seeking the order of compliance. R. 16. The court granted the motion to compel but denied the request for fees and expenses. R. 27. Jiricko did not comply with the court's order, and on December 5, 1991, the defendants moved for sanctions under Rule 37(b)(2). R. 30. Judge Stiehl reserved ruling on the motion for sanctions until new counsel appeared and had an opportunity to respond. Tr. 12-13. Eventually, in its order to show cause on April 29, 1991, the court, without explanation, denied the motion for sanctions. R. 43.
 
 II.
 
 5
 Jiricko argues that the district court erred by dismissing Count V of his complaint for failure to state a claim upon which relief can be granted. Rather than explaining why Count V actually did state a claim for relief, Jiricko spends five pages in his main brief arguing that Lakin breached its fiduciary duties to him, violated the rules of the Illinois Supreme Court, breached its contract with him, and abandoned him. Apparently, Jiricko believes that if his lawyer committed malpractice or breached its contract with him, then we should reverse the district court's order dismissing Count V. Of course, these issues have no bearing on whether we should reverse the dismissal of Count V. A party is bound by the acts of his attorney; his recourse for attorney error is a suit against the attorney, not a nullification of what the attorney did. Link v. Wabash Railroad Co., 370 U.S. 626, 633-34 & n. 10 (1962). Because Jiricko offers no other arguments in his opening brief supporting reversal of the dismissal of Count V, we will affirm the dismissal of that count.
 
 
 6
 Jiricko also maintains that the district court erred by granting Lakin's motion to withdraw. We review the district court's decision on this matter for abuse of discretion. Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir.1982). At the hearing on Lakin's motion to withdraw, Lakin told the court that it did not believe that Jiricko's suit would be successful. The court then reviewed a copy of the contract between Jiricko and Lakin. The court summarized the contract as providing, in relevant part, that
 
 
 7
 if it should appear ... that [Jiricko's suit] lacks merit or is otherwise not feasible to pursue, then Lakin ... may notify [Jiricko] of [its] intent not to pursue [Jiricko's] claim further and each party will be discharged from further obligation under this authority to represent.
 
 
 8
 Tr. 9. Given Lakin's assessment of the case and the contract provision just summarized, the court's action appears entirely proper. In addition, the district court allowed Jiricko plenty of time (after all the extensions, about 6 months) in which to obtain new counsel. We conclude that the district court did not abuse its discretion in granting Lakin's motion to withdraw.[3]
 
 
 9
 Jiricko also argues that the district court erred by dismissing his case for failure to prosecute. Again, we are limited to determining whether the district court abused its discretion. Lockhart v. Sullivan, 925 F.2d 214, 217 (7th Cir.1991). In this case, there clearly was no abuse of discretion. On January 2, 1992, the district court ordered Jiricko to secure new counsel or enter an appearance pro se. Throughout the next 6 months the court repeated this order several times, each time warning Jiricko that his suit faced dismissal if he failed to comply. In view of Jiricko's prolonged failure to resolve the issue of who would represent him, the court was fully justified in dismissing the case for failure to prosecute.
 
 III.
 
 10
 We now turn to the defendants' cross appeal. They argue that the district court erred in denying their motion for sanctions for Jiricko's failure to comply with an order compelling discovery. Although the defendants cite Civil Rule 37(b)(2),[4] which of course is relevant authority, they fail to cite any cases interpreting the rule. They argue that Rule 37(b)(2) is plainly mandatory, but our cases have suggested otherwise. See Magicsilk Corp. v. Vinson, 924 F.2d 123, 125 (7th Cir.1991) (per curiam) ("Rule 37(b)(2)(E) permits a district court to sanction attorneys who advise their clients to disobey an order compelling discovery.") (emphasis added); Magnus Electronics, Inc. v. Masco Corp., 871 F.2d 626, 631 (7th Cir.) (reviewing district court's decision to award fees under Rule 37(b)(2) under the abuse of discretion standard), cert. denied, 493 U.S. 891 (1989). Absent citation to contrary authority (or an explanation of why these cases are not controlling), we will not disturb the district court's decision to deny the defendants' motion for sanctions.
 
 IV.
 
 11
 We have resolved all of the issues raised in the briefs--but we are not done. The parties have filed various motions in this court, some on which we have reserved ruling until now.
 
 
 12
 In their brief, the defendants stated: "Dr. Jiricko failed to respond to [the defendants'] Motion to Dismiss." Defs.Br. 3. This set off a chain reaction of motions filed in this court. On September 23, 1992, Jiricko filed a "Motion for More Definite Statement, and Motion for Correction of the Record," arguing that it was his attorneys, not he, who failed to respond to the defendants' motion to dismiss. The defendants filed a response. On September 28, 1992, Jiricko filed a "Motion to Strike," in which he sought to have the defendants' response stricken. He simultaneously filed a "Motion/Application for Order to Show Cause," arguing that we should order the defendants to explain why they failed to report Lakin's alleged misconduct to an appropriate authority. On October 2, 1992, Judge Flaum denied the "Motion for More Definite Statement, and Motion for Correction of the Record," ruling that the defendants' reference to Jiricko rather than his attorneys was in compliance with Federal Rule of Appellate Procedure 28(d). Both parties have now filed motions requesting that we impose sanctions against the other.
 
 
 13
 We have considered Jiricko's "Motion to Strike," his "Motion/Application for Order to Show Cause," and his "Application for Sanctions." The "Motion to Strike" basically reiterated what Jiricko had argued in his "Motion for More Definite Statement, and Motion for Correction of Record," which itself had raised an issue of mere semantics. The "Motion/Application for Order to Show Cause" was simply irrelevant to the issues in this case. Finally, the "Application for Sanctions" relied on the faulty arguments advanced in the previous two motions. We conclude that Jiricko's motions are all frivolous, and thus they are denied.
 
 
 14
 As for the defendants' motions for sanctions (the defendants filed two), we will grant them. Under Circuit Rule 38,
 
 
 15
 The court may, on its own or on motion of a party, impose sanctions on a party or an attorney as otherwise authorized by law. Before imposing sanctions the court will give reasonable notice to the person or persons that it is contemplating sanctioning and give those persons an opportunity to respond.
 
 
 16
 We note that 28 U.S.C. Sec. 1927 provides that
 
 
 17
 [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.
 
 
 18
 This is precisely such a case. Jiricko's frivolous motions in this court have "multiplie[d] the proceedings ... unreasonably and vexatiously." Thus, we grant the defendants' motions for sanctions. We award the defendants an amount equivalent to the attorney's fees they incurred responding to these frivolous motions. According to their attorney's affidavits filed with this court, this amounted to $675.00. Because Jiricko has had an opportunity to respond to both the appropriateness of sanctions and the amount of sanctions requested by the defendants, we need not provide him with an additional opportunity to respond. See Kale v. Obuchowski, 985 F.2d 360, 362 (7th Cir.1993); Colosi v. Electri-Flex Co., 965 F.2d 500, 505 (7th Cir.1992).
 
 V.
 
 19
 We conclude that the district court did not err by permitting Lakin to withdraw as counsel, by dismissing Count V of the complaint for failure to state a claim, or by dismissing the suit for failure to prosecute. Likewise, we conclude that the district court did not err in refusing to grant sanctions against Jiricko for failing to comply with its discovery order. Therefore, the judgment of the district court is affirmed. Because we conclude that Jiricko multiplied the proceedings in this court unreasonably and vexatiously by filing frivolous motions, we grant the defendants' motions for sanctions in the amount of $675.00, to be paid to the defendants.
 
 
 20
 AFFIRMED, with SANCTIONS.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, we deny the request and consider the appeal on the briefs and the record
 
 
 [1]
 The defendants are composed of three related corporate entities and an individual identified as the incorporator of, and a shareholder in, all three. R. 1 at 2-3
 
 
 [2]
 Lakin originally filed this motion on September 13, 1991, but the court ordered it stricken because it failed to contain a Certificate of Service as required by the local rules of the court. R. 22. Lakin then refiled it on October 22, 1991
 
 
 [3]
 Jiricko suggests that the district court erred by failing to issue findings of fact and conclusions of law when it granted Lakin's motion to withdraw. At the hearing, however, the court did explain its decision by noting that the contract provided Lakin with the right to withdraw if it believed that the suit was without merit. Tr. 10. Moreover, Jiricko fails to provide any authority that compels the district court to provide written findings of fact and conclusions of law
 
 
 [4]
 Rule 37(b)(2) states in part:
 If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just.... [The Rule then lists five possible sanctions as examples, none of which are relevant in this case].
 In lieu of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.