**Kenneth Charles TENNANT, Plaintiff,**

v.

**Gene HECKEL, et al., Defendants.**

No. 92–C–991.

United States District Court,
E.D. Wisconsin.

July 27, 1993.

No appearance for plaintiff.

Schuch & Stilp Law Offices by Gregg T. Heidenreich, Milwaukee, WI, O'Connor & Willems by Cletus R. Willems, Kenosha, WI, for defendants.

### DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

On December 7, 1992, I granted the petition of the plaintiff, Kenneth Tennant, to proceed in forma pauperis on his civil rights action against the defendants, Gene Heckel, Village of Pleasant Prairie, Pleasant Prairie Rescue Squad, Pleasant Prairie Police Department [collectively, the "Pleasant Prairie defendants"], and Kenosha Memorial Hospital and Karyn Sacco [collectively, the "Kenosha defendants"]. Presently before the court are motions of the Pleasant Prairie defendants and the Kenosha defendants to dismiss for failure to prosecute. The motions will each be granted.

### I. Background

This is the second time that the Kenosha defendants and the Pleasant Prairie defendants have moved for dismissal of Mr. Tennant's action for failure to prosecute. Previously, these defendants moved to dismiss on the ground that Mr. Tennant had refused, on two separate occasions, to appear for his own

deposition, failed to comply with Local Rule 7, Section 7.07, which pertains to mandatory interrogatories, and refused to provide signed medical authorizations to the Pleasant Prairie defendants. By decision and order of May 17, 1993, I denied both sets of defendants' request to dismiss Mr. Tennant's action with prejudice. Nevertheless I determined that his conduct warranted the lesser sanction of an order compelling discovery; this followed as a result of my conclusion that Mr. Tennant's conduct "unnecessarily and unjustifiably obstructed discovery and the prosecution of this action...." *Tennant v. Heckel,* Case No. 92–C–991 (E.D.Wis., May 17, 1993).

As a sanction, I ordered Mr. Tennant "to appear at a deposition to be held at the date, place and time determined by the Pleasant Prairie defendants and the Kenosha defendants." *Id.* I also ordered Mr. Tennant to answer the mandatory interrogatories in compliance with Local Rule 7, Section 7.07, and to provide the requested signed medical authorizations to the Pleasant Prairie defendants. Notwithstanding my decision not to impose the severe sanction of dismissal with prejudice at that time, I cautioned Mr. Tennant that his failure to comply with the court's order compelling discovery might be deemed a contempt of this court and could subject him to further sanctions, including dismissal of his action, with prejudice.

Presently, the Pleasant Prairie defendants and the Kenosha defendants have again moved for dismissal of the plaintiff's action under Rule 41(b), Federal Rules of Civil Procedure, and Local Rule 10, Section 10.03, on the ground that the plaintiff has failed diligently to prosecute his action. Specifically, both sets of defendants argue that the plaintiff has again failed to appear for a duly noticed deposition which is in violation of this court's order of May 17, 1993. Apparently, Mr. Tennant has complied with the portions of the court's order which required that he answer the mandatory interrogatories and provide the signed medical authorizations to the Pleasant Prairie defendants.

### Law and Analysis

Under Rule 41(b), Federal Rules of Civil Procedure, a court may dismiss an action, with or without prejudice, "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court." Further, Local Rule 10, Section 10.03 permits a court to enter an order of dismissal, with or without prejudice, "[w]henever it appears to the court that the plaintiff is not diligently prosecuting the action."

The defendants argue that the plaintiff's conduct justifies dismissal of his action with prejudice. As I noted in the decision and order of May 17, 1993, dismissal with prejudice is a severe sanction and should only be resorted to "where there exists a clear record of delay and contumacious conduct or when less drastic sanctions have proven ineffective." *Roland v. Salem Contract Carriers, Inc.,* 811 F.2d 1175, 1177 (7th Cir.1987) (citing *Schilling v. Walworth County Park & Planning Commission,* 805 F.2d 272, 275 (7th Cir.1986)). Failure of a party to comply with discovery may constitute a ground for dismissal of an action. *Lockhart v. Sullivan,* 925 F.2d 214, 218 (7th Cir.1991).

The plaintiff has not responded to either of the instant motions filed by the defendants. However, the record reveals that Mr. Tennant explained by letter to the defendants that his refusal to comply with the court's order to attend the duly noticed deposition was based on the fact that he was "indigent and unlicensed" and that the deposition "poses an undue hardship on [him]." (Defendants, Kenosha Hospital and Medical Center and Karyn Sacco's Motion to Dismiss, Ex. C.)

I find that the plaintiff has offered no valid reason for his willful refusal to comply with the portion of the court's order of May 17, 1993, requiring that he submit to a deposition or for his continued failure to cooperate in discovery. Mr. Tennant's contention that the deposition would impose a hardship on him is without merit in view of the fact that the purpose of the court's order compelling discovery was to impose a sanction on Mr. Tennant for his earlier dilatory conduct and failure to comply. Moreover, the fact that Mr. Tennant is proceeding pro se and in forma pauperis does not relieve him of his

obligations to obey the orders of this court and to comply with the Federal Rules of Civil Procedure. Mr. Tennant's current dilatory tactic is especially egregious and prejudicial to the defendants because the discovery deadline of July 30, 1993, is about to expire and the jury trial, which is scheduled to commence on September 7, 1993, is only six weeks away.

I am convinced that this case reveals a "pattern of delay and contumacious conduct," *Roland,* 811 F.2d at 1177, as evidenced by Mr. Tennant's unwarranted refusal to attend his own deposition on *three* separate occasions and his intentional failure to comply with the court's order of May 17, 1993. Also, Mr. Tennant has elected not to file a response to the motions of the defendants and hence has not provided the court with any direct explanation for his latest refusal to attend the noticed deposition.

Mr. Tennant's continued refusal to appear at his own deposition has stalled discovery in this action for approximately four months. Furthermore, the record reveals that lesser sanctions in the form of an order compelling discovery and advance warning by the court regarding dismissal have proved ineffective. *Lockhart,* 925 F.2d at 219; *Roland,* 811 F.2d at 1177.

For these reasons, I believe Mr. Tennant's conduct warrants the imposition of the severe sanction of dismissal, with prejudice. Accordingly, the motion of the Kenosha defendants and the motion of the Pleasant Prairie defendants will each be granted.

### ORDER

Therefore, IT IS ORDERED that the motion of the Pleasant Prairie defendants to dismiss the action be and hereby is granted.

IT IS ALSO ORDERED that the motion of the Kenosha defendants to dismiss the action be and hereby is granted.

IT IS FURTHER ORDERED that the plaintiff's action be and hereby is dismissed, with prejudice.