Donald MINNIECHESKE, Plaintiff,

v.

Donald GUDMANSON, Larry Stahowiak, Patricia Janus, and Barbara Powell, Defendants.

No. 91–C–9.

United States District Court, E.D. Wisconsin.

Aug. 30, 1993.

Plaintiff, pro se.

James E. Doyle, Atty. Gen., by Robert Repasky, Asst. Atty. Gen., Madison, WI, for defendants.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

On November 18, 1992, the pro se plaintiff, Donald Minniecheske, then incarcerated at the Oshkosh Correctional Institution but subsequently released, was granted leave to proceed in forma pauperis on his civil rights claims against Oshkosh Correctional Institution officials under 42 U.S.C. § 1983. In particular, he was permitted to proceed on his claims that he was not allowed to call witnesses in his defense at a disciplinary hearing and that the defendants opened correspondence from his attorney and the court when he was not present.

A scheduling order was entered by the court on July 20, 1993, which directed the parties to complete discovery by August 6, 1993. A court trial is scheduled to commence on Thursday, September 30, 1993, at 9:30 a.m.

Presently before the court is the defendants' motion for an order compelling discovery pursuant to Rule 37, Federal Rules of Civil Procedure, which was filed on August 6, 1993. The motion will be granted.

Under Rule 37, Federal Rules of Civil Procedure, a "discovering party may move for an order compelling an answer" where a "deponent fails to answer a question propounded or submitted under Rules 30 or 31...." A motion to compel discovery pursuant to Rule 37(a), Federal Rules of Civil Procedure, is addressed to the discretion of the trial court. *Community Sav. and Loan Ass'n v. Federal Home Loan Bank Bd.*, 68 F.R.D. 378, 381 (E.D.Wis.1975). In exercising its discretion, the court must be mindful that parties are permitted to obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action,...." Rule 26, Federal Rules of Civil Procedure.

In the present action, Mr. Minniecheske received a notice to appear at a deposition scheduled for July 16, 1993, in Milwaukee. Mr. Minniecheske refused to appear at that deposition because he allegedly could not afford to travel to Milwaukee. A second notice of deposition was served by mail on Mr. Minniecheske on July 23, 1993, for a deposition to be conducted on August 2, 1993, in Tigerton, Wisconsin—a municipality near Mr. Minniecheske's residence.

Mr. Minniecheske did appear at the August 2, 1992, deposition. The evidence discloses that he failed to respond to the questions put to him by counsel for the defendants and insisted on questioning the defendants' counsel on matters irrelevant to the pending lawsuit. (*See e.g.*, Minniecheske Deposition of August 2, 1993 at p. 3, lines 12–18, p. 10 lines 9–25, p. 11 lines 4–23, p. 13 lines 14–25, p. 14 lines 14–23, p. 20 lines 13–16, p. 21 lines 6–25, p. 27 lines 7–25, p. 31 lines 12–25, p. 33 lines 9–25, p. 34 lines 2–17.) As a result of the plaintiff's conduct, the defendants' counsel adjourned the deposition.

Mr. Minniecheske is the pro se plaintiff in this action. Under Rule 30(a) and (b), Federal Rules of Civil Procedure, he was required, upon receiving the defendants' notice

of deposition, to appear and answer questions upon cross-examination by the defendants' counsel. Mr. Minniecheske has not responded to the defendants' motion to compel and thus has not provided the court with any justification for his failure to answer the questions as propounded to him by the defendants' counsel.

■ A review of the deposition transcript reveals that the questions submitted to Mr. Minniecheske related to the factual basis of his claims against the defendants and were "relevant to the subject matter involved in the pending action." *See* Rule 26(b)(1), Federal Rules of Civil Procedure. Further, the court has not uncovered any legal authority which permits a party deponent to examine the opposing party's counsel during the former's deposition.

I will grant the defendants' motion for an order compelling discovery under Rule 37, Federal Rules of Civil Procedure. Mr. Minniecheske will be directed to appear—at his own expense—at a deposition to be held at a date, time and location to be determined by the defendants, but in no event shall the deposition be held later than Friday, September 10, 1993. In addition, Mr. Minniecheske will be directed to answer the questions propounded by the defendants' counsel under Rule 30, Federal Rules of Civil Procedure, and to refrain from questioning the defendants' counsel or otherwise interfering with the taking of his deposition. Because Mr. Minniecheske is indigent (and for no other reason), I will not require him to pay the defendants' counsel the costs of the deposition of August 2, 1993, including the associated travel costs and attorney's fees, as requested by the defendants.

The trial in this action is approximately one month away. This is the second time Mr. Minniecheske has refused to submit to the taking of his deposition. His continual refusals have significantly interfered with the defendants' discovery in this case. Any future failure on the part of Mr. Minniecheske to comply with the court's orders set forth herein may be deemed a contempt of the court which will subject him to sanctions, including the dismissal of his action, with prejudice. *See Ball v. City of Chicago*, 2 F.3d 752, ——— (7th Cir.1993); *Tennant v. Heckel*, 151 F.R.D. 100, 102 (E.D.Wis.1993) (Gordon, J.); Rule 41(b), Federal Rules of Civil Procedure; and Local Rule 10, Section 10.03.

### ORDER

Therefore, IT IS ORDERED that the defendants' motion for an order to compel discovery pursuant to Rule 37, Federal Rules of Civil Procedure, be and hereby is granted.

IT IS ALSO ORDERED that Mr. Minniecheske be and hereby is directed to appear—at his own expense—at a deposition to be held at a date, time and location to be determined by the defendants, but in no event shall the deposition be held later than Friday, September 10, 1993.

IT IS FURTHER ORDERED that Mr. Minniecheske be and hereby is directed to answer the questions propounded by the defendants' counsel under Rule 30, Federal Rules of Civil Procedure, and to refrain from questioning the defendants' counsel or otherwise interfering with the taking of his deposition.